1 | Daniel A. Berman (State Bar No. 161696)
dberman@wshblaw.com
2 | Jason C. Ross (State Bar No. 252635)
jross@wshblaw.com
3 | Ahllam H. Berri (State Bar No. 323123)
aberri@wshblaw.com
4 | Zachary T. Lynch (State Bar No. 332964)
zlynch@wshblaw.com
5 | **WOOD, SMITH, HENNING & BERMAN LLP**
501 West Broadway, Suite 1200
6 | San Diego, California 92101
Phone: 619.849.4900 ♦ Fax: 619.849.4950

7

8 | Attorneys for Defendant,
SECURITYSCORECARD, INC.

9

10 | **UNITED STATES DISTRICT COURT**

11 | **SOUTHERN DISTRICT OF CALIFORNIA**

12 | Jennifer Crumley, and Individual ,

| Case No. 24-cv-2037-J-AHG

13 | Plaintiff,

| **DEFENDANT SECURITYSCORECARD, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

14 | v.

15 | SecurityScorecard, Inc., a New York Corporation,

16 | Defendant.

| Trial Date:    None Set

17 | (Assigned to Hon. M. James Lorenz)

18

19

20

21

22

23

24

25

26

27

28

*(left margin vertical text)* WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

Pursuant to FRCP Rule 8(b), Defendant SecurityScorecard, Inc. ("Defendant") hereby answers Plaintiff JENNIFER CRUMLEY'S ("Plaintiff") Complaint as follows:

## ADMISSIONS & DENIALS

1.    Answering Paragraph 1, Defendant states that the paragraph contains conclusory narrative, legal conclusions, and/or legal argument, not factual allegations and, therefore, no response is required. To the extent that a response is be required, Defendant denies each and every allegation contained within this paragraph.

2.    Answering Paragraph 2, Defendant denies that the SCE deal was Defendant's largest-ever sales commitment and commission opportunity, and denies that Plaintiff took all required and material tasks to complete the deal. Defendant states that the remaining allegations are conclusory narrative, legal conclusions, and/or legal argument, not factual allegations and, therefore, no response is required. To the extent that a response is required regarding any allegations not expressly denied, Defendant denies them.

3.    Answering Paragraph 3, Defendant states that the paragraph contains conclusory narrative, legal conclusions, and/or legal argument, not factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant denies each and every allegation contained within this paragraph.

4.    Answering Paragraph 4, as to the recitation of claims pled, Defendant admits that these accurately reflect the causes of action alleged in Plaintiff's Complaint. As to allegations regarding "to redress[] harms suffered" by Plaintiff, Defendant states that the paragraph contains legal conclusions and/or arguments and conclusory narrative, not factual allegations, to which no answer is required. To the extent that a response is required regarding "redressing harms suffered," Defendant denies each and every associated allegation.

5.    Answering Paragraph 5, Defendant states that the paragraph contains legal conclusions and/or arguments, not factual allegations and, therefore, no answer

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

is required. To the extent that an answer is required, Defendant denies the Court has jurisdiction, as Plaintiff signed a valid and enforceable arbitration agreement with Defendant that applies to all claims alleged.

6.      Answering Paragraph 6, as to Plaintiff's allegation that the Southern District of California has personal jurisdiction, Defendant states that the allegation is legal conclusion and/or arguments, not a factual allegation and, therefore, no answer is required. To the extent that an answer is required regarding Plaintiff's allegation that the Southern District of California has personal jurisdiction, Defendant denies the allegation, as Plaintiff entered into a valid and enforceable arbitration agreement that applies to her claims. As to Plaintiff's allegation that she is, and at all relevant times was, a citizen of San Diego County, California, Defendant lacks knowledge or information sufficient to form a belief as to the truth of this allegation and, therefore, denies the allegation. As to the geographic scope of Defendant's operations reaching San Diego County, California, Defendant admits. As to the "acts and omissions which are outlined in [Plaintiff's] Complaint [taking] place in San Diego County, State of California," Defendant denies the allegations. As to the allegation that Defendant "has a location in San Diego, California," Defendant denies the allegation. As to any remaining allegations not expressly addressed, Defendant denies the allegations made.

7.      Answering Paragraph 7, Defendant states that the paragraph contains legal conclusions and/or arguments, not factual allegations and, therefore, no answer is required. To the extent that an answer is required, Defendant denies the allegations that personal jurisdiction and/or venue is proper, as Plaintiff signed a valid and enforceable arbitration agreement with Defendant that applies to all claims alleged.

8.      Answering Paragraph 8, as to Plaintiff's alleged residence as of the filing of her Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of this allegation and, therefore, denies the allegation. As to Plaintiff being an employee of Defendant and her alleged dates of employment of

1    January 6, 2020, to October 11, 2023, Defendant admits the allegations.

2        9.      Answering Paragraph 9, Defendant admits the allegations therein.

3        10.     Answering Paragraph 10, Defendant states that the paragraph contains
4    legal conclusions, legal argument, and/or conclusory narrative, not factual allegations
5    and, therefore, no response is required. To the extent that a response is required,
6    Defendant denies the allegations therein.

7        11.     Answering Paragraph 11, as to Plaintiff's allegation that she filed a
8    charge of discrimination with the California Civil Rights Department against
9    Defendant on October 28, 2024, Defendant admits the allegation. As to Plaintiff's
10   allegation that the Civil Rights Department issued a Right-to-Sue letter on October
11   28, 2024, Defendant admits. As to Plaintiff's allegation that she attached the Right-to-
12   Sue letter to her Complaint as Exhibit 1, Defendant admits. As to whether Plaintiff
13   "exhausted her administrative remedies," the allegation is a legal conclusion and/or
14   legal argument, to which no answer is required. To the extent an answer is required
15   regarding Plaintiff adequately exhausted her administrative remedies, Defendant
16   denies.

17       12.     Answering Paragraph 12, Defendant denies that it is solely a security
18   ratings technology company. As to the remaining allegations, Defendant admits.

19       13.     Answering Paragraph 13, as to Plaintiff's allegation regarding "[t]he
20   cybersecurity industry continues to be heavily male dominated," Defendant lacks
21   knowledge or information sufficient to form a belief as to the truth of this allegation
22   and, therefore, denies the allegation. As to all remaining allegations, Defendant
23   denies.

24       14.     Answering Paragraph 14, Defendant lacks knowledge or information
25   sufficient to form a belief as to the truth of this allegation and, therefore, denies the
26   allegation.

27       15.     Answering Paragraph 15, Defendant admits it was a startup security
28   company. As to any remaining allegations contained in this paragraph, Defendant

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

lacks knowledge or information sufficient to form a belief as to the truth of this allegation and, therefore, denies the allegations.

16.     Answering Paragraph 16, as to Defendant hiring Plaintiff effective January 6, 2020 as Field Sales Director, Southern California Region, Defendant admits the allegation. As to Plaintiff's allegation that she was assigned to the Western Division and the geographical scope of said division, Defendant admits. As to Plaintiff's allegations regarding her starting annual salary, commission plan target, and stock options, Defendant admits, to the extent such amounts are subject to applicable taxes ad withholdings. As to all remaining allegations, Defendant denies.

17.     Answering Paragraph 17, Defendant admits that Plaintiff entered Variable Compensation Plans for fiscal years 2020-2023 and that the plans generally governed Plaintiff's commission compensation. As to the remaining allegations, Defendant states they are conclusory narrative, legal conclusion, and/or legal argument, not factual allegations and, therefore, no response is required. To the extent a response is required regarding these remaining allegations, Defendant denies them.

18.     Answering Paragraph 18, Defendant admits that the Variable Compensation Plans for fiscal years 2020-2023 define "Variable Compensation" as "additional compensation, above Base Salary, that Participant is eligible to earn based upon Bookings recording in the Salesforce system." As to Plaintiffs allegation Variable Compensation Plans for fiscal years 2020-2023 definitions of "Booking," Defendant denies. As to all remaining allegations, including Plaintiff's alleged characterization of "commission," these are legal conclusion, legal argument, and/or conclusory narrative, not a factual allegation and, therefore, no response is required. To the extent that any response is required regarding any remaining allegations, Defendant denies them.

19.     Answering Paragraph 19, as to Plaintiff's alleged work performance, Defendant denies. As to Plaintiff's alleged efforts to obtain any customer purchase order and Plaintiff's personal reasons for the same, Defendant lacks knowledge or

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

1  information sufficient to form a belief as to the truth of this allegation and, therefore,
2  denies the allegation.

3      20.    Answering Paragraph 20,  Defendant admits that Plaintiff was named
4  Top Representative- FSR West in 2020 and 2021, for which she was given glass
5  awards. Defendant admits that Plaintiff received merit-based salary increases
6  effective April 1, 2021 and, most recently, April 1, 2022, the subsequent of which
7  brought her base salary to $206,000. As to all remaining allegations, Defendant denies
8  them.

9      21.    Answering Paragraph 21, Defendant denies all allegations.

10     22.    Answering Paragraph 22, as to whether Plaintiff was one of the first
11  Regional FSDs hired by Defendant, Defendant admits. As to all other allegations
12  contained in this paragraph, Defendant denies them.

13     23.    Answering Paragraph 23, Defendant denies all allegations.

14     24.    Answering Paragraph 24, Defendant admits that in 2022 and 2023,
15  Plaintiff's sales territory was altered. Defendant admits that Mr. Otero assumed
16  responsibility for the Arizona territory. As to all remaining allegations, Defendant
17  denies them.

18     25.    Answering Paragraph 25, Defendant admits that Andrew Wallach
19  assumed responsibility for the Las Vegas territory on or around May 2023. Defendant
20  also admits that Andrew Wallach was/is a male. As to all remaining allegations,
21  Defendant denies.

22     26.    Answering Paragraph 26, Defendant denies all allegations therein.

23     27.    Answering Paragraph 27, Defendant admits that Plaintiff "engaged" a
24  new client, SCE. Defendant admits that the contract was eventually worth over $4
25  million. Defendant admits that the commission on the deal would have been around
26  $450,000. As to all remaining allegations, Defendant denies.

27     28.    Answering Paragraph 28, Defendant admits that Plaintiff met with SCE
28  and "performed" at least one product demonstration. Defendant denies that any

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

purchase order was signed or finalized before Plaintiff's separation. As to all remaining allegations, including Plaintiff's allegation that she had "completed all material duties," Defendant denies.

29.    Answering Paragraph 29, as to the date of Plaintiff's discharge on October 11, 2023, Defendant admits. As to the identification and amounts paid to Mr. Wallach from the SCE deal, Defendant admits. As to any alleged discrimination and/or unlawfulness, Defendant states that the allegations are legal argument, legal conclusion, and/or conclusory narrative, not factual allegations and, therefore, no response is required. To the extent any further response is required remaining allegations in this paragraph not already expressly admitted, Defendant denies each and every allegation.

30.    Answering Paragraph 30, Defendant denies each and every allegation.

31.    Answering Paragraph 31, Defendant denies each and every allegation.

32.    Answering Paragraph 32, Defendant admits that Plaintiff entered into "Employee's Proprietary Information and Inventions and Non-Competition Agreement." Defendant admits that the Compensation Plans and "Noncompete Agreement" contain venue and choice-of-law provisions. As to any alleged unlawfulness and/or application of Cal. Labor Code § 925, Defendant states that it is legal conclusion and/or argument, not a factual allegation and, therefore, no response is required. To the extent that any further response is required, Defendant denies.

33.    Answering Paragraph 33, Defendant denies the allegations.

34.    Answering Paragraph 34, Defendant denies the allegations.

35.    Answering Paragraph 35, Defendant denies the allegations.

36.    Answering Paragraph 36, Defendant denies the allegations.

37.    Answering Paragraph 37, Defendant denies the allegations.

38.    Answering Paragraph 38, Defendant states that this paragraph contains only legal conclusions and recitations of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations.

39.    Answering Paragraph 39, Defendant denies the allegations made.

40.    Answering Paragraph 40, Defendant states that this paragraph mainly contains legal conclusions and recitations of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations, including that Plaintiff is an aggrieved employee who may sue under PAGA.

41.    Answering Paragraph 41, Defendant states it lacks information enough to form a belief as to the truth of the other allegations contained within this paragraph and, therefore, denies, generally and specifically, each and every allegation. Defendant further states that it expressly denies that Plaintiff has properly exhausted her administrative remedies and/or pled a viable cause of action under PAGA in the Complaint.

42.    Answering Paragraph 42, Defendant states that this paragraph contains only legal conclusions and recitations of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations made.

43.    Answering Paragraph 43, Defendant states that this paragraph mainly contains legal conclusions and legal discussion, to which no response is required. To the extent that a response is required, Defendant denies the allegations made.

44.    Answering Paragraph 44, Defendant realleges and incorporates by reference the responses contained in the preceding and subsequent paragraphs, as if fully set forth herein. Defendant states that this paragraph contains conclusory narrative without discrete allegations, legal argument, legal recitation, legal conclusion, and/or conclusory narrative, not factual allegations and, therefore, no response is required. To the extent any further response is required, Defendant denies the allegations made.

45.    Answering Paragraph 45, Defendant states that this paragraph contains legal argument, legal conclusion, and/or legal recitation, not factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations made.

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

46.    Answering Paragraph 46, Defendant admits that the quoted language is accurate and contained within the respective documents referenced by Plaintiff in her Complaint.

47.    Answering Paragraph 47, as to the allegation that Plaintiff was not represented by counsel in negotiating the terms of the "Noncompete Agreement" and "Compensation Plans," Defendant states it lacks information enough to form a belief as to the truth of the other allegations contained within this paragraph and, therefore, denies the allegations. As to the allegations relating to the dates the Parties entered into the "Noncompete Agreement" and "Compensation Plan," Defendant admits. As to any required compliance under Cal. Labor Code § 925, Defendant states that this paragraph contains legal argument, conclusion, and/or recitation, to which no response is required. To the extent a response is required regarding any required regarding allegations not expressly admitted, Defendant denies the allegations made.

48.    Answering Paragraph 48, Defendant states that this paragraph contains legal argument, legal conclusions, conclusory narrative, not factual allegations and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations made.

49.    Answering Paragraph 49, Defendant states that this paragraph contains legal argument and/or conclusions, to which no response is required. To the extent that a response is required, Defendant denies the allegations and that any relief is warranted.

50.    Answering Paragraph 50, Defendant states that this paragraph contains legal argument and/or conclusions, to which no response is required. To the extent that a response is required, Defendant denies the allegations and that any relief and/or recovery is warranted.

51.    Answering Paragraph 51, Defendant realleges and incorporates by reference the responses contained in the preceding and subsequent paragraphs, as if fully set forth herein. Defendant states that this paragraph contains conclusory

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

DEFENDANT'S ANSWER TO COMPLAINT

narrative without discrete allegations, legal argument, legal recitation, legal conclusion, and/or conclusory narrative, not factual allegations and, therefore, no response is required. To the extent any further response is required, Defendant denies the allegations made.

52.    Answering Paragraph 52, including as to sub-parts (a)-(d), Defendant states that this paragraph contains legal argument, legal conclusion, and/or legal recitation, not factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations made.

53.    Answering Paragraph 53, Defendant states that this paragraph contains legal argument, legal conclusion, and/or legal recitation, not factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations made.

54.    Answering Paragraph 54, Defendant admits that the quoted language accurately reflects the provisions in the "Noncompete Agreement" attached to Plaintiff's Complaint. As to any alleged "unlawful[ness]" and Plaintiff's editorialized characterizations regarding the same, Defendant states that this is legal argument, legal conclusion, and/or conclusory narrative, not factual allegations and, therefore, no response is needed. To the extent that a response is required regarding any alleged unlawfulness, Defendant denies the allegations made.

55.    Answering Paragraph 55, as to the duration of the "Non-Solicitation" and "Non-Compete" provisions, Defendant denies the allegations made. As to any alleged unlawfulness and legitimate interest, these allegations are legal conclusion, legal argument, legal recitation, and/or conclusory narrative, not factual allegations and, therefore, no response is required. To the extent that a response is required regarding any alleged unlawfulness or legitimate interest, Defendant denies the allegations made.

56.    Answering Paragraph 56, as to Plaintiff's alleged definition of the "Company" within the "Non-Compete Agreement," Defendant denies. As to all

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

remaining allegations, Defendant states that they are legal argument, legal conclusions, and/or conclusory narrative, not factual allegations and, therefore, to which no response is required. To the extent that a response is required regarding any allegations not expressly discussed in this paragraph, Defendant denies the allegations made.

57.    Answering Paragraph 57, Defendant states that this paragraph alleges legal conclusion, legal recitation, and/or legal argument, not factual allegations and, therefore, no response is required. to the extent that a response is required, Defendant denies the allegations made.

58.    Answering Paragraph 58, Defendant states that this paragraph is legal conclusion, legal argument, and/or conclusory narrative, not factual allegations and, therefore, no response is necessary. To the extent that a response is required, Defendant denies all the allegations made.

59.    Answering Paragraph 59, Defendant states that this paragraph contains legal argument, legal conclusion, and/or legal recitation, not factual allegations and, therefore, no response is required. To the extent any response is required, Defendant denies the allegations made.

60.    Answering Paragraph 60, Defendant states that this paragraph contains legal argument, legal conclusion, legal recitation, and/or conclusory narrative, not factual allegations and, therefore, no response is required. To the extent any response is required, Defendant denies the allegations made, including any entitlement to relief.

61.    Answering Paragraph 61, Defendant states that this paragraph contains legal argument, legal conclusion, legal recitation, and/or conclusory narrative, not factual allegations and, therefore, no response is required. To the extent any response is required, Defendant denies the allegations made, including any entitlement to relief.

62.    Answering Paragraph 62, Defendant states that this paragraph contains legal argument and/or conclusions, to which no response is required. To the extent that a response is required, Defendant denies the allegations and that any relief and/or

DEFENDANT'S ANSWER TO COMPLAINT

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

1  recovery is warranted.

2      63.    Answering Paragraph 63, Defendant states that this paragraph contains

3  legal argument and/or conclusions, to which no response is required. To the extent

4  that a response is required, Defendant denies the allegations and that any relief and/or

5  recovery is warranted.

6      64.    Answering Paragraph 64, Defendant states that this paragraph contains

7  legal argument and/or conclusions, to which no response is required. To the extent

8  that a response is required, Defendant denies the allegations and that any relief and/or

9  recovery is warranted.

10      65.    Answering Paragraph 65, Defendant realleges and incorporates by

11  reference the responses contained in the preceding and subsequent paragraphs, as if

12  fully set forth herein. Defendant states that this paragraph contains conclusory

13  narrative without discrete allegations, legal argument, legal recitation, legal

14  conclusion, and/or conclusory narrative, not factual allegations and, therefore, no

15  response is required. To the extent any further response is required, Defendant denies

16  the allegations made.

17      66.    Answering Paragraph 66, Defendant states that this paragraph contains

18  legal argument, legal conclusions, and/or legal recitations, not factual allegations and,

19  therefore, no response is required. To the extent that a response is required, Defendant

20  denies the allegations made.

21      67.    Answering Paragraph 67, Defendant states that this paragraph contains

22  legal argument, legal conclusions, and/or legal recitations, not factual allegations and,

23  therefore, no response is required. To the extent that a response is required, Defendant

24  denies the allegations made.

25      68.    Answering Paragraph 68, Defendant denies that Plaintiff did all the work

26  to procure the SCE deal and that no other material action was required by Plaintiff.

27  As to all remaining allegations, Defendant states that they are legal argument, legal

28  conclusions, and/or legal recitations, not factual allegations and, therefore, no

1  response is required. To the extent that a response is required regarding any remaining

2  allegations, Defendant denies them.

3       69.    Answering Paragraph 69, Defendant admits that the Compensation Plans

4  require an employee to be active at the time a booking qualifies as commission. As to

5  all remaining allegations are legal conclusion, legal argument, legal recitation, and/or

6  conclusory narrative, not factual allegations and, therefore, no response is required.

7  To the extent that a response is required regarding any allegations not expressly

8  admitted in this paragraph, Defendant denies them.

9       70.    Answering Paragraph 70, Defendant states that this paragraph contains

10  legal argument and/or conclusions, to which no response is required. To the extent

11  that a response is required, Defendant denies the allegations and that any relief and/or

12  recovery is warranted.

13       71.    Answering Paragraph 71, Defendant realleges and incorporates by

14  reference the responses contained in the preceding and subsequent paragraphs, as if

15  fully set forth herein. Defendant states that this paragraph contains conclusory

16  narrative without discrete allegations, legal argument, legal recitation, legal

17  conclusion, and/or conclusory narrative, not factual allegations and, therefore, no

18  response is required. To the extent any further response is required, Defendant denies

19  the allegations made.

20       72.    Answering Paragraph 72, Defendant states that this paragraph contains

21  legal argument, legal conclusions, and/or legal recitations, not factual allegations and,

22  therefore, no response is required. To the extent that a response is required, Defendant

23  denies the allegations made.

24       73.    Answering Paragraph 73, Defendant states that this paragraph contains

25  legal argument, legal conclusions, and/or legal recitations, not factual allegations and,

26  therefore, no response is required. To the extent that a response is required, Defendant

27  denies the allegations made.

28  / / /

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

74.    Answering Paragraph 74, Defendant states that this paragraph contains legal argument, legal conclusions, and/or legal recitations, not factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations made.

75.    Answering Paragraph 75, Defendant states that this paragraph contains legal argument, legal conclusions, and/or legal recitations, not factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations made.

76.    Answering Paragraph 76, Defendant states that this paragraph contains legal argument, legal conclusions, and/or legal recitations, not factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations made.

77.    Answering Paragraph 77, Defendant states that this paragraph contains legal argument, legal conclusions, and/or legal recitations, not factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations made.

78.    Answering Paragraph 78,  Defendant states that this paragraph contains legal argument, legal conclusions, and/or legal recitations, not factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations made and that any relief is warranted.

79.    Answering Paragraph 79, Defendant realleges and incorporates by reference the responses contained in the preceding and subsequent paragraphs, as if fully set forth herein. Defendant states that this paragraph contains conclusory narrative without discrete allegations, legal argument, legal recitation, legal conclusion, and/or conclusory narrative, not factual allegations and, therefore, no response is required. To the extent any further response is required, Defendant denies the allegations made.

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

80.     Answering Paragraph 80, Defendant states that this paragraph contains legal argument, legal conclusions, and/or legal recitations, not factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations made.

81.     Answering Paragraph 81, Defendant states that this paragraph contains legal argument, legal conclusions, and/or legal recitations, not factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations made.

82.     Answering Paragraph 82, Defendant states that this paragraph contains legal argument, legal conclusion, legal recitation, and/or conclusory narrative, not factual allegations and, therefore, no response is required. To the extent any response is required, Defendant denies the allegations made, including any entitlement to any relief and/or recovery.

83.     Answering Paragraph 83, Defendant states that this paragraph contains legal argument, legal conclusion, legal recitation, and/or conclusory narrative, not factual allegations and, therefore, no response is required. To the extent any response is required, Defendant denies the allegations made, including any entitlement to any relief and/or or recovery.

84.     Answering Paragraph 84, Defendant states that this paragraph contains legal argument, legal conclusion, legal recitation, and/or conclusory narrative, not factual allegations and, therefore, no response is required. To the extent any response is required, Defendant denies the allegations made, including any entitlement to any relief and/or or recovery.

85.     Answering Paragraph 85,  Defendant states that this paragraph contains legal argument, legal conclusion, legal recitation, and/or conclusory narrative, not factual allegations and, therefore, no response is required. To the extent any response is required, Defendant denies the allegations made, including any entitlement to any relief and/or or recovery.

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

86.    Answering Paragraph 86, Defendant realleges and incorporates by reference the responses contained in the preceding and subsequent paragraphs, as if fully set forth herein. Defendant states that this paragraph contains conclusory narrative without discrete allegations, legal argument, legal recitation, legal conclusion, and/or conclusory narrative, not factual allegations and, therefore, no response is required. To the extent any further response is required, Defendant denies the allegations made.

87.    Answering Paragraph 87, Defendant states that this paragraph contains legal argument, legal conclusions, and/or legal recitations, not factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations made.

88.    Answering Paragraph 88, Defendant admits that it was aware Plaintiff was a woman during her employment. As to all remaining allegations, Defendant states that they are legal argument, legal conclusions, and/or legal recitations, not factual allegations and, therefore, no response is required. To the extent that a response is required regarding any allegations not expressly admitted in this paragraph, Defendant denies the allegations made.

89.    Answering Paragraph 89, Defendant states that this paragraph contains legal argument, legal conclusions, legal recitations, and/or conclusory narrative, not factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations made.

90.    Answering Paragraph 90, Defendant states that this paragraph contains legal argument, legal conclusions, legal recitations, and/or conclusory narrative, not factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations made, including any entitlement to relief and/or recovery.

91.    Answering Paragraph 91, Defendant states that this paragraph contains legal argument, legal conclusions, legal recitations, and/or conclusory narrative, not

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations made, including any entitlement to relief and/or recovery, including any entitlement to relief and/or recovery.

92.    Answering Paragraph 92, Defendant states that this paragraph contains legal argument, legal conclusions, legal recitations, and/or conclusory narrative, not factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations made, including any entitlement to relief and/or recovery, including any entitlement to relief and/or recovery.

93.    Answering Paragraph 93,  Defendant states that this paragraph contains legal argument and/or conclusions, and,  therefore, no response is required. To the extent that a response is required, Defendant denies the allegations and that any relief and/or recovery is warranted.

94.    Answering Paragraph 94, Defendant realleges and incorporates by reference the responses contained in the preceding and subsequent paragraphs, as if fully set forth herein. Defendant states that this paragraph contains conclusory narrative without discrete allegations, legal argument, legal recitation, legal conclusion, and/or conclusory narrative, not factual allegations and, therefore, no response is required. To the extent any further response is required, Defendant denies the allegations made.

95.    Answering Paragraph 95, Defendant states that this paragraph contains legal argument, legal conclusions, and/or legal recitations, not factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations and that any relief and/or recovery is warranted.

96.    Answering Paragraph 96, Defendant states that this paragraph contains legal argument and/or conclusions, not factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

1  and that any relief and/recovery is warranted.

2       97.    Answering Paragraph 97, as to the alleged scope of Plaintiff's work and

3  level of skill, effort, and responsibility compared to her co-worker, Defendant denies.

4  As to the remaining allegations, Defendant states that they are legal argument, legal

5  conclusions, and/or conclusory narrative, not factual allegations and, therefore, no

6  response is required. To the extent that any response is required regarding the

7  remaining allegations not expressly denied in this paragraph, defendant denies them

8  as well.

9       98.    Answering Paragraph 98, Defendant states that this paragraph contains

10  legal argument, legal conclusion, and/or conclusory narrative, not factual allegations

11  and, therefore, no response is required. To the extent that any response is required,

12  Defendant denies the allegations made.

13       99.    Answering Paragraph 99, Defendant states that this paragraph contains

14  legal argument and/or conclusions, and, therefore, no response is required. To the

15  extent that a response is required, Defendant denies the allegations and that any relief

16  and/or recovery is warranted.

17       100.   Answering Paragraph 100, Defendant states that this paragraph contains

18  legal argument and/or conclusions, and, therefore, no response is required. To the

19  extent that a response is required, Defendant denies the allegations and that any relief

20  and/or recovery is warranted.

21       101.   Answering Paragraph 101, Defendant states that this paragraph contains

22  legal argument and/or conclusions, and, therefore, no response is required. To the

23  extent that a response is required, Defendant denies the allegations and that any relief

24  and/or recovery is warranted.

25       102.   Answering Paragraph 102, Defendant realleges and incorporates by

26  reference the responses contained in the preceding and subsequent paragraphs, as if

27  fully set forth herein. Defendant states that this paragraph contains conclusory

28  narrative without discrete allegations, legal argument, legal recitation, legal

conclusion, and/or conclusory narrative, not factual allegations and, therefore, no response is required. To the extent any further response is required, Defendant denies the allegations made.

103.   Answering Paragraph 103, Defendant states that this paragraph contains legal argument, legal conclusion, and/or legal recitation, not factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations made.

104.   Answering Paragraph 104, Defendant states that this paragraph contains legal argument, legal conclusion, and/or legal recitation, not factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations made.

105.   Answering Paragraph 105, Defendant states that this paragraph contains legal argument, legal conclusion, and/or legal recitation, not factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations made.

106.   Answering Paragraph 106, Defendant states that this paragraph contains legal argument, legal conclusion, legal recitation, and/or conclusory narrative, not factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations made.

107.   Answering Paragraph 107, Defendant states that this paragraph contains legal argument, legal conclusion, legal recitation, and/or conclusory narrative, not factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations and that any relief and/or recovery is warranted.

108.    Answering Paragraph 108, Defendant states that this paragraph contains legal argument, legal conclusion, legal recitation, and/or conclusory narrative, not factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations and that any relief and/or

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

recovery is warranted.

109. Answering Paragraph 109, Defendant states that this paragraph contains legal argument and/or conclusions, not factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations and that any relief and/or recovery is warranted.

110. Answering Paragraph 110, Defendant realleges and incorporates by reference the responses contained in the preceding and subsequent paragraphs, as if fully set forth herein. Defendant states that this paragraph contains conclusory narrative without discrete allegations, legal argument, legal recitation, legal conclusion, and/or conclusory narrative, not factual allegations and, therefore, no response is required. To the extent any further response is required, Defendant denies the allegations made.

111. Answering Paragraph 111, Defendant states that this paragraph contains legal argument, legal conclusion, and/or legal recitation, not factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations made.

112. Answering Paragraph 112, Defendant states that this paragraph contains legal argument, legal conclusion, and/or legal recitation, not factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations made.

113. Answering Paragraph 113, including as to subsections (i)-(vi), Defendant states that this paragraph contains legal argument, legal conclusion, legal recitation, and/or conclusory narrative, not factual allegations and, therefore, no response is required. To the extent that a response is required, Defendant denies the allegations made.

114. Answering Paragraph 114, Defendant states that this paragraph contains legal argument, legal conclusion, legal recitation, and/or conclusory narrative, not factual allegations and, therefore, no response is required. To the extent that a

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

DEFENDANT'S ANSWER TO COMPLAINT

1  response is required, Defendant denies the allegations made.

2    115.   Answering Paragraph 115, Defendant states that this paragraph contains

3  legal argument, legal conclusion, legal recitation, and/or conclusory narrative, not

4  factual allegations and, therefore, no response is required. To the extent that a

5  response is required, Defendant denies the allegations made.

6    116.   Answering Paragraph 116, Defendant states that this paragraph contains

7  legal argument, legal conclusion, legal recitation, and/or conclusory narrative, not

8  factual allegations and, therefore, no response is required. To the extent that a

9  response is required, Defendant denies the allegations made, including as to Plaintiff's

10  alleged entitlement to any remedy and/or relief.

11    117.   Answering Paragraph 117, Defendant states that this paragraph contains

12  legal argument, legal conclusion, legal recitation, and/or conclusory narrative, not

13  factual allegations and, therefore, no response is required. To the extent that a

14  response is required, Defendant denies the allegations made, including as to Plaintiff's

15  alleged entitlement to any remedy and/or relief.

16    118.   Answering Paragraph 118, Defendant states that this paragraph contains

17  legal argument, legal conclusion, legal recitation, and/or conclusory narrative, not

18  factual allegations and, therefore, no response is required. To the extent that a

19  response is required, Defendant denies the allegations made, including as to Plaintiff's

20  alleged entitlement to any remedy and/or relief.

21  **AFFIRMATIVE DEFENSES**

22    As separate affirmative defenses to the Complaint and each of the causes of

23  action therein, Defendant alleges and states as follows:

24  **FIRST AFFIRMATIVE DEFENSE**

25  **(Failure to State a Cause of Action)**

26    119.   As a separate affirmative defense to each purported cause of action

27  contained with the Complaint, Defendant is informed and believes, and based thereon

28  alleges, that each purported cause of action within the Complaint fails to state facts

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

1 sufficient to constitute a cause of action upon which relief can be granted against

2 Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

120. As a separate affirmative defense to each purported cause of action contained with the Complaint, Defendant is informed and believes, and based thereon alleges, that Plaintiff is barred from any relief by the equitable doctrine of unclean hands

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel and Waiver)

121. As a separate affirmative defense to each purported cause of action contained with the Complaint, Defendant is informed and believes, and based thereon alleges, that Plaintiff, by reason of her own acts, omissions, representations and/or courses of conduct, is estopped from asserting, and has waived, discharged, and/or abandoned any right to assert, her claims against Defendant.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute(s) of Limitations)

122. As a separate affirmative defense to each purported cause of action contained with the Complaint, Defendant is informed and believes, and based thereon alleges, that each and every purported cause of action alleged against Defendant within Plaintiff's Complaint is barred by the applicable statute(s) of limitations, including, but not limited to, Code of Civil Procedure §§ 335.1, 337, 338, 339, 340(a), 340(b), 343, the California Labor Code, California Business and Professions Code § 17208, and California Government Code Sections 12960 and 12965, *et seq.*, amongst others.

/ / /

/ / /

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

## FIFTH AFFIRMATIVE DEFENSE

### (Offset)

123.  As a separate affirmative defense to each purported cause of action contained with the Complaint, Defendant alleges that it is entitled to an offset, for any amounts overpaid to Plaintiff during the course of her employment, in a sum subject to proof at trial as to any and all damages that may be awarded to Plaintiff at trial.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Internal and/or Administrative Remedies)

124.  Defendant asserts that the Complaint, and each and every purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff failed to timely and completely exhaust the requisite administrative remedies under California law, including the Fair Employment and Housing Act ("FEHA"), California Government Code section 12940, *et seq*., the California Labor Code, and/or any other applicable administrative remedy, and Defendant's internal policies and procedures.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

125.  Defendant is informed and believes, and based thereon alleges, that the Complaint is barred, in whole or in part, by the doctrine of laches and unreasonable delay.

## EIGHTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

126.  Defendant is informed and believes, and based thereon alleges, that Plaintiff is barred, in whole or in part, from recovery of any damages, by the doctrine of after-acquired evidence.

/ / /

/ / /

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

## NINTH AFFIRMATIVE DEFENSE

### (Mixed Motive)

127.   Defendant alleges that if any unlawful motive existed in connection with any employment decision involving Plaintiff, to which Defendant denies, any and all claims are barred because the employment decision would have been the same without such alleged unlawful motive.

## TENTH AFFIRMATIVE DEFENSE

### (Privileged Conduct)

128.   Defendant asserts that any recovery on Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part because the actions of Defendant was privileged or protected by applicable laws including, without limitation, the doctrine of managerial immunity, California Labor Code § 1053, and the United States and California Constitutions.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Justified Conduct)

129.   Defendant asserts that any recovery on Plaintiff's Complaint is barred because Defendant's conduct was privileged and/or justified under California law for valid business reasons.

## TWELFTH AFFIRMATIVE DEFENSE

### (Legitimate Non-Retaliatory, and Non-Discriminatory Business Reasons)

130.   Defendant asserts that any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because there was no discriminatory or retaliatory intent, as Defendant's alleged actions were based on a legitimate nondiscriminatory and nonretaliatory reason.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

131.   Plaintiff, by her acts and conduct, "unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid

1  harm otherwise," thereby preventing Plaintiff from maintaining the Complaint, and
2  each and every purported cause of action contained therein.  (*E.g.*, *Burlington*
3  *Industries, Inc. v. Kimberly B. Ellerth* (1998) 524 U.S. 742, 745; *State Dept. of Health*
4  *Services v. Superior Court.* (2003) 31 Cal.4th 1026.)

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Consent)

7  132.  Defendant asserts that any recovery on Plaintiff's Complaint, or any
8  purported cause of action alleged therein, is barred to the extent Plaintiff consented to
9  the conduct alleged in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Reasonable Care)

12  133.  As a separate affirmative defense to each purported cause of action
13  contained within the Complaint, Defendant is informed and believes, and based
14  thereon allege, that each and every purported cause of action alleged against
15  Defendant within Plaintiff's Complaint is barred, in whole or in part, because
16  Defendant exercised reasonable care to prevent and promptly correct any otherwise
17  unlawful behavior in the workplace, if any existed.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Plaintiff's Contributory/Comparative Fault)

20  134.  Defendant asserts that any recovery on Plaintiff's Complaint, or any
21  purported cause of action alleged therein, is barred in whole or in part by Plaintiff's
22  own contributory and/or comparative fault.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Compliance with the Law)

25  135.  As a separate affirmative defense to each purported cause of action
26  contained within the Demand, Defendant **is** informed and believe, and based thereon
27  allege, that they are (and at all relevant times have been) in substantial and/or
28  complete compliance with all applicable laws and statutes.

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

136.   Defendant asserts that even if Plaintiff suffered damages or injuries (which is denied), Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to have exercised reasonable diligence to mitigate her alleged injuries or damages.

## NINETEENTH AFFIRMATIVE DEFENSE
### (No Ratification or Participation)

137.   Defendant asserts that it was unaware of, and did not authorize, direct, participate in, or ratify any alleged wrongful conduct.  Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant did not authorize, aid, abet, counsel, or encourage any such alleged conduct.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Punitive Damages)

138.   Defendant asserts that any claim for exemplary and punitive damages is barred because Plaintiff has failed to raise sufficient allegations of malice, oppression or fraud and has failed to raise sufficient allegations to comply with the requirements of Civil Code § 3294.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Punitive Damages Barred)

139.   Defendant alleges that any claim for punitive damages are barred because, as applicable, Defendant has a suitable anti-discrimination and anti-harassment policies in effect at all material times. (*Kolstad v. ADA* (1999) 527 U.S. 526; *White v. Ultramar, Inc.* (1999) 21 Cal.4th 563.)

/ / /

/ / /

/ / /

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Manager's Privilege and Discretion)

140.   Defendant asserts that any and all conduct of which Plaintiff complains and which is attributed to Defendant or its respective agents or employees, was a just and proper exercise of management privilege and discretion on the part of Defendant and its respective agents and employees undertaken for a fair and honest reason and regulated by good faith under the circumstances then existing.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Causation)

141.   Defendant alleges that if Plaintiff suffered any loss, damage, or injury—which is expressly denied—such loss, damage, or injury was not caused, either legally or proximately, by any act or omission of Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Apportionment)

142.   Defendant denies that it is responsible or liable in any way for the damages or loss alleged in the Complaint.  However, if Defendant is found to be liable or responsible for any or all of the alleged damages or loss, Defendant alleges that its liability, if any, is not the sole proximate cause of Plaintiff's alleged damage or loss, and that the damages awarded to Plaintiff, if any, should be apportioned according to the respective fault and legal responsibility of all parties, persons, and entities, and their agents, servants, and employees who contributed to and / or caused such damage or loss according to the proof presented at the time of trial.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Employer Lacked Knowledge)

143.   Defendant asserts that the Complaint, and each and every purported cause of action alleged therein, is barred, or any damages reduced because Defendant lacked knowledge of Plaintiff's Complaint, or that Plaintiff was allegedly retaliated and/or discriminated against, as well as subjected to any "unlawful business practices"

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

1 | alleged by Plaintiff.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Failure to Utilize Internal Procedures)

144.  Defendant is informed and believes that the Complaint, and each purported cause of action contained therein, is barred by the fact that Plaintiff, individually and as a purported aggrieved employee, failed to exhaust Defendant's existing internal administrative procedures for resolution of her claims.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (No Willful Withholding of Wages)

145.  Defendant did not willfully, knowingly or intentionally fail to comply with wage laws, and did not willfully, knowingly or intentionally withhold wages from Plaintiff, and are therefore not obligated to pay waiting time penalties, interest or attorneys' fees for the amounts, if any, owed to Plaintiff.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

146.  As a separate and affirmative defense to the Demand, Respondents allege that Claimant's claims are barred, in whole or in part, because Claimant has been fully compensated for any wages owed, and by accepting the payments made to her, has effectuated an accord and satisfaction of her claims.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Wrongful Conduct of Others)

147.  Defendant alleges that should loss, damages or detriment have occurred as alleged in Plaintiff's Complaint, then said loss, damage or detriment was actually and proximately caused or contributed to by the negligence or wrongful and/or careless action or omission to act and/or other tortious conduct of persons or entities other than Defendant.  As such, Plaintiff's alleged losses or damages, if any, were not proximately caused or contributed to by any acts or omissions of Defendant.

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

## THIRTIETH AFFIRMATIVE DEFENSE

### (Arbitrable Controversy)

148.   Defendant is informed and believes that Plaintiff and Defendant entered into an agreement to resolve the claims raised in the Complaint, and each of them, through binding arbitration.  Defendant expressly reserves its right to move to compel arbitration of the claims alleged in the Complaint, and any related claims, pursuant to the terms of the arbitration agreement.  (C.C.P. § 1281 et seq.)

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Employment At-Will)

149.   As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action alleged therein, Defendant alleges that Plaintiff's claims for wrongful constructive termination, discrimination, and/or retaliation are barred, in whole or in part, on the ground that Plaintiff's employment with Defendant was for no specific term and, therefore, terminable at-will pursuant to California Labor Code section 2922.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Constitutional Limit on Punitive Damages)

150.   As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action alleged therein, Plaintiff is not entitled to recovery any punitive and/or exemplary damages, as prayed for in the Complaint, on the ground that any award of punitive and/or exemplary damages would, in general or under the facts of Plaintiff's claims, violate Defendant's constitutional rights under the provisions of the United States and California Constitutions—including, but not limited to, the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the Excessive Fines and Cruel and Unusual Punishment Clauses of the Eighth Amendment of the United States Constitution, as well as the due process and excessive dines clauses contained in the California Constitution.

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

### THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

151.    Plaintiff is barred from any injunctive relief because she has adequate remedies at law and also because she is no longer employed and never was.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Different Pay Justified)

152.    Defendant alleges that it was justified in paying Plaintiff a wage rate that was less than the rate paid to employees of the opposite gender because the wage differential was based on one or more bona fide and non-discriminatory factor(s), the factor(s) were applied reasonably, were not based on or derived from any sex-based differential in compensation, were job related, are consistent with business necessity, and the factor(s) relied upon account for the entire wage differential. (Cal. Labor Code § 1197.5(a)(1), (b)(1).)

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Preemption)

153.    Defendant alleges that certain causes of action alleged by Plaintiff, including but not limited to Cal. Labor Code § 925 and Cal. Business and Professions Code § 16600, *et seq.*, are preempted by federal law.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (No Actual Damages)

154.    Defendant alleges that, under Cal. Business and Professions Code § 16600.5, Plaintiff has not incurred any actual damages.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (No Condition of Employment)

155.    Defendant alleges that, under Cal. Labor Code § 925(a), no such contracts between Defendant and Plaintiff were required as a condition of Plaintiff's employment.

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE
### (Plaintiff's Breach of Duties)

156.   Defendant alleges that, under Cal. Labor Code § 2854, *et seq.,* Plaintiff's claims are barred by her own breach of duties owed to Defendant.

## THIRTY-NINTH AFFIRMATIVE DEFENSE
### (Unconstitutional Retroactivity)

157.   Defendant alleges that, as to Cal. Business and Professions Code § 16600.5, the law is unconstitutionally retroactive in its application. (*E.g., United States Fidelity & Guaranty Co. v. Struthers Wells Co.* (1908) 209 U.S. 306, 314; *also e.g., Landgraf v. USI Film Products* (1994) 511 U.S. 244, 265-66.)

## FORTIETH AFFIRMATIVE DEFENSE
### (Additional Affirmative Defenses)

158.   Defendant alleges that it may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize her claims, due to the fact that Defendant does not have copies of certain documents and information bearing on Plaintiff's alleged claims, and due to Plaintiff's failure to provide more specific information concerning the nature of the damages claims and claims for certain costs which Plaintiff alleges that Defendant may share some responsibility.  Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damages claims and claims for costs, and upon the development of other pertinent information. Defendant further reserves the right to supplement or amend this Answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action and as allowed and permitted under United States and California law.

/ / /

/ / /

/ / /

## COMPLAINT FOR COSTS ATTORNEYS' FEES

1.     Each cause of action alleged in Plaintiff's Complaint is frivolous and without merit.  Defendant has been required to retain the services of counsel in defending itself against each such cause of action, and is therefore entitled to recover its costs and/or attorney's fees incurred in defending each such cause of action pursuant to Cal. Gov. Code §12965(b), Cal. Labor Code § 218.5, and/or FRCP Rule 54.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant prays for judgment as follows:

1.     That Plaintiff's Complaint, and each purported cause of action therein, be dismissed;

2.     That Plaintiff take nothing by way of the Complaint;

3.     That judgment be entered against Plaintiff and in favor of Defendant on all causes of action;

4.     That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

5.     That Defendant be awarded such other and further relief as the Court may deem just and proper.


DATED:  December 13, 2024          WOOD, SMITH, HENNING & BERMAN LLP


                                   By: _____
                                        DANIEL A. BERMAN
                                        JASON C. ROSS
                                        AHLLAM H. BERRI
                                        ZACHARY T. LYNCH
                                   Attorneys for Defendant,
                                   SECURITYSCORECARD, INC.

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

### **DEMAND FOR JURY TRIAL**

**TO THE CLERK OF THE ABOVE ENTITLED COURT, TO THE PARTIES, AND THE PARTIES' ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to FRCP Rule 38, *et seq.,* Local Rule 38.1*,* and subject to the aforementioned affirmative defense of arbitrability, Defendant, SECURITY SCORECARD, INC., hereby demands  jury trial in the above-entitled action.


DATED:  December 13, 2024          WOOD, SMITH, HENNING & BERMAN LLP



By:  _____
          DANIEL A. BERMAN
          JASON C. ROSS
          AHLLAM H. BERRI
          ZACHARY T. LYNCH
    Attorneys for Defendant,
    SECURITYSCORECARD, INC.

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950