1  Jason C. Ross (State Bar No. 252635)
   jross@wshblaw.com
2  Ahllam H. Berri (State Bar No. 323123)
   aberri@wshblaw.com
3  Zachary T. Lynch (State Bar No. 332964)
   zlynch@wshblaw.com
4  **WOOD, SMITH, HENNING & BERMAN LLP**
   501 West Broadway, Suite 1200
5  San Diego, California 92101
   Phone: 619.849.4900 ♦ Fax: 619.849.4950
6

7  Attorneys for Defendant, SecurityScorecard, Inc.

8

9              **UNITED STATES DISTRICT COURT**

10            **SOUTHERN DISTRICT OF CALIFORNIA**

11 | Jennifer Crumley, and Individual,        | Case No. 24-cv-2037-L-AHG

12 |              Plaintiff,                   | **DEFENDANT SECURITYSCORECARD, INC.'S**

13 |        v.                                | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**

14 | SecurityScorecard, Inc., a New York      | **MOTION TO COMPEL ARBITRATION, STAY**
   | Corporation,                             | **PROCEEDINGS PENDING THE**

15 |                                          | **MOTION, AND STAY**
   |              Defendant.                   | **PROCEEDINGS PENDING**

16 |                                          | **ARBITRATION; DECLARATIONS;**

17 |                                          | **EXHIBITS**

18 |                                          | (Filed Concurrently with Notice of Motion Declaration of Ahllam H. Berri, Esq.; Declaration

19 |                                          | of Jeff Alvarez; and [PROPOSED] Order)

20 |                                          | Date:      April 14, 2025

21 |                                          | Time:      10:30am
   |                                          | Crtrm.:    5B

22 |

23 |                                          | Trial Date:        None Set

24 |                                          | (Assigned to Hon. M. James Lorenz)

25 |

26

27

28

*Sidebar (vertical text):* WOOD, SMITH, HENNING & BERMAN LLP / 501 WEST BROADWAY, SUITE 1200 / SAN DIEGO, CALIFORNIA 92101 / TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

# TABLE OF CONTENTS

<u>Page</u>

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

I.     INTRODUCTION ................................................................................ 1

II.    PLAINTIFF'S FACTUAL AND LEGAL CLAIMS. ...................................... 2

III.   PLAINTIFF ENTERED AN ARBITRATION AGREEMENT WITH SSC. ....... 2

IV.    THE PARTIES CONFERRED BEFORE FILING. ........................................ 3

V.     THE FAA GOVERNS THE AGREEMENT. ............................................... 3

    A.   The Parties Selected the FAA to Govern. ........................................ 3

    B.   In Addition, the Agreement Involves Interstate Commerce and, Therefore, the FAA Applies. ........................................................ 3

VI.    THE COURT HAS AUTHORITY TO COMPEL ARBITRATION. .................. 5

VII.   UNDER THE FAA, THERE IS A LIBERAL POLICY FAVORING ENFORCEMENT OF ARBITRATION AGREEMENTS. ............................... 5

VIII.  SSC MEETS ITS BURDEN TO SHOW A VALID WRITTEN AGREEMENT EXISTS THAT COVERS PLAINTIFF'S CLAIMS. ............... 5

    A.   SSC's Initial Burden is Minimal. .................................................. 5

    B.   A Valid, Written Agreement Exists. ............................................... 6

    C.   The Agreement Clearly and Unmistakably Delegates Interpretation, Applicability, and *Enforcement* to the Arbitrator. ......... 8

    D.   Even if the Court Reaches Delegated Issues (It Should *Not*), The Agreement Covers Plaintiff's Claims. ........................................ 10

IX.    PLAINTIFF'S ANTICIPATED COUNTERARGUMENTS FAIL. ................. 11

    A.   The Agreement is Silent on the Issue of Arbitrating on a Representative Basis and, Therefore, Plaintiff's Individual PAGA Claim Must Be Compelled to Arbitration and the Representative PAGA Claim Stayed. ................................................................. 11

        1.   The Agreement Covers Plaintiff's Individual PAGA Claims. ....... 11

        2.   Plaintiff's Representative PAGA Claim Must Remain in This Court and Stayed. ................................................... 12

    B.   Alternatively, the Court Must Compel Arbitration of Plaintiff's Entire PAGA Claim. ................................................................ 14

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

36724943.1:05394-0160    -i-    Case No. 24-cv-2037-L-AHG

DEFENDANT SECURITYSCORECARD, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION; DECLARATIONS; EXHIBITS

C.    Plaintiff Would Be Wrong to Argue The Agreement is Somehow Unconscionable. ................................................................. 14

D.    Any Unconscionable Provisions Should be Severed. ........................... 17

X.    THE COURT SHOULD STAY THE PROCEEDINGS. ............................... 17

A.    Stay Pending This Motion. ................................................................. 17

B.    All Plaintiff's Claims Should Be Stayed Pending Arbitration. ............. 19

XI.    CONCLUSION. ................................................................................................ 21

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

# TABLE OF AUTHORITIES

**Page**

## CASES

*Alascom, Inc. v. ITT North Elec. Co.* (9th Cir. 1984) 727 F.2d 1419 ......................18

*Allied-Bruce Terminix Cos., Inc. v. Dobson* (1995) 513 U.S. 265, 273....................3

*Ashbey v. Archstone Property Management, Inc.* (9th Cir. 2015) 785 F.3d 1320 ...................................................................................................................5

*AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333................................5

*Bailey v. AffinityLifeStyles.com, Inc.* (D. Nev. 2017) 2017 WL 10378319 .............18

*Brennan v. Opus Bank* (9th Cir. 2015) 796 F.3d 1125....................................8

*Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.* (9th Cir. 2010) 622 F.3d 996 ..............................................................................................5

*Britt on behalf of California v. Lennar Corporation* (N.D. Cal. 2024) 732 F.Supp.3d 1220..................................................................................19

*CarMax Auto Superstores California LLC v. Hernandez* (2015) 94 F.Supp.3d 1078, 1100 ...........................................................................................3

*Chiron Corp. v. Ortho Diagnostic Systems, Inc.* (9th Cir. 2000) 207 F.3d 1126 .......5

*Circuit City Stores, Inc. v. Adams* (2001) 532 U.S. 10 ....................................3

*Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, (2003)........................................3

*CMAX, Inc. v. Hall* (9th Cir. 1962) 300 F.2d 265 ........................................18

*Condee v. Longwood Management Corp.* (2001) 88 Cal.App. 215 ...........................6

*Diaz v. Macys West Stores, Inc.* (9th Cir. 2024) 101 F.4th 697 ..............................12

*Doctor's Associates, Inc. v. Casarotto* (1996) 517 U.S. 681....................................8

*E.g. Parvataneni v. E*Trade Financial Corp.* (N.D. Cal. 2013) 967 F.Supp.2d 1298 ........................................................................................13

*Fabian v. Renovate America, Inc.* (2019) 42 Cal.App.5th 1062 ..............................7

*Franco v. Arakelian Enterprises, Inc.* (2015) 234 Cal.App.4th at 966.....................18

*Heckman v. Live Nation Entertainment, Inc.* (C.D. Cal. 2023) 686 F.Supp.3d 939 ...................................................................................................8

*Herrera v. Cathay Pacific Airways Limited* (2024) 104 F.4th 702........................6

*Landis v. N. Am. Co.* (1936) 299 U.S. 248 ................................................17

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

DEFENDANT SECURITYSCORECARD, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION; DECLARATIONS; EXHIBITS

*Lockyer v. Mirant Corp.* (9th Cir. 2005) 398 F.3d 10 ...............................................18

*Mohamed v. Uber Technologies, Inc.* (9th Cir. 2016)......................................................8

*Moses H. Cone Hospital v. Mercury Construction Corporation* (1983) 460 U.S. 1, 24; 9 U.S.C. § 2 ..........................................................................5

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.* (1983) 460 U.S. 1, 24–25 .......................................................................................10

*Mundi v. Union Sec. Life Ins. Co.* (E.D. Cal. 2007) 2007 WL 2385069...................18

*Newton v. American Debt Services, Inc.* (N.D. Cal. 2012) .........................................6

*Oracle America, Inc. v. Myraid Group A.G.* (9th Cir. 2013) 724 F.3d 1069.............8

*Parsittie v. Schneider Logistics, Inc.* (C.D. Cal. 2023) 2023 WL 2629869, *9........12

*People v. Skiles* (2011) 51 Cal.4th 1178 .......................................................................6

*Perry v. Thomas* (1987) 482 U.S. 483 ...........................................................................7

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.* (1967) 388 U.S. 395 ....................14

*Ramirez v. Charter Communications* (2024) 16 Cal.5th 478,.....................................17

*Rocha v. U-Haul* (2023) 88 Cal.App.5th 65 ...............................................................18

*Roe v. Gray* (D. Colo. 2001) 165 F.Supp.2d 1164 .....................................................18

*Ronderos v. USF Reddaway, Inc.* (9th Cir. 2024) 114 F.4th 1080............................11

*Ruiz v. Moss Bros Auto Group, Inc.* (2014) 232 Cal.App.4th 836.............................6

*Sanchez v. Green Messengers, Inc.* (N.D. Cal. 2023) 666 F.Supp.3d 1047..............19

*Shivkov v. Artex Risk Solutions, Inc.* (9th Cir. 2020) 974 F.3d 1051 ......................12

*Simmons v. Morgan Stanley Smith Barney, LLC* (S.D. Cal. 2012) 872 F.Supp.2d 1002.............................................................................16

*Simula, Inc. v. Autoliv, Inc.* (9th Cir. 1999) 175 F.3d 716 .......................................10

*Smith v. Spizzirri* (2024) 601 U.S. 472 ......................................................................20

*Stolt-Nielsen SA v. AnimalFeeds* (2010) 559 U.S. 662 .............................................12

*U.S. for Use and Benefit of Newton v. Neumann Caribbean Intern., Ltd.* (9th Cir. 1985) 750 F.2d 1422 ...................................................................19

*United Communications Hub, Inc. v. Qwest Communications, Inc.* (9th Cir. 2002) 46 Fed.Appx. 412...............................................................19

*United Steelworkers of Am. v. Warrior & Gulf Navigation* (1960) 363 U.S. 574 .......................................................................................10

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

DEFENDANT SECURITYSCORECARD, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION; DECLARATIONS; EXHIBITS

*Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.* (1989) 489 U.S. 468 ................................................................................................................3

*Zamudio v. Aerotek, Inc.* (E.D. Cal. 2023) 698 F.Supp.3d 1202 ..............................6


## **STATUTES**

Civ. Code § 1633.9(a) ...................................................................................................7

Civ. Code § 164 ..........................................................................................................17

Civ. Code § 3541 ........................................................................................................17

Civil Code § 1670.5(a) ...............................................................................................17

Lab. Code § 2699(a), (c)(1) ........................................................................................20

Labor Code § 925 ...................................................................................................2, 15

Labor Code § 925(a)(1)-(2) ........................................................................................15

Labor Code §§ 204 and 218/219 ................................................................................20

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

DEFENDANT SECURITYSCORECARD, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO COMPEL ARBITRATION; DECLARATIONS; EXHIBITS

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The Court should grant Defendant SECURITYSCORECARD, INC.'S ("SSC") motion to compel Plaintiff JENNIFER CRUMLEY'S ("Plaintiff") claims to arbitration, stay all proceedings pending this motion, and stay the court proceedings (including Plaintiff's representative PAGA claim) pending arbitration.

This is an employment case alleging individual claims and a representative PAGA claim. As relevant here, indisputable evidence shows: (i) during Plaintiff's onboarding, she signed the Arbitration Agreement (the "Agreement"), which she admits; (ii) the Agreement is governed by the FAA, both via choice-of-law and the existence of interstate commerce; and (iii) the Agreement contains a clear and unmistakable clause delegating issues of interpretation, applicability, and enforceability to the arbitrator. On this showing of a validly formed agreement that covers Plaintiff's claims, *the Court's inquiry ends and it must compel arbitration, with the arbitrator to decide remaining "gateway" issues of arbitrability, including enforceability.* If the Court continues with its inquiry (to be clear, it should not), SSC nevertheless meets its initial burden, by additionally proving that the arbitration agreement covers all Plaintiff's individual claims.

Regarding Plaintiff's representative PAGA claim, the Agreement is silent as to arbitrability and, therefore, by application of the FAA, the Court: (*a*) must still compel arbitration of Plaintiff's individual claims; and (*b*) stay Plaintiff's representative claims pending arbitration because said claims involve substantially overlapping issues, including whether Plaintiff has representative standing. If the Court finds the Agreement does cover Plaintiff's representative PAGA claim (it should not), Plaintiff's individual and representative PAGA claims should be compelled to arbitration.

/ / /

/ / /

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

## II.  <u>PLAINTIFF'S FACTUAL AND LEGAL CLAIMS.</u>

Plaintiff began working for SSC in January 2020, and was hired as a Field Sales Director, Southern California Region." (Doc. 17, ¶ 16; Alvarez Decl., ¶ 5.) Plaintiff alleges she was subjected to alleged discriminatory acts based on her gender, subjected to unlawful contractual terms, and wrongfully terminated, depriving her of allegedly "earned" commissions. (Doc. 17, ¶¶ 14-37.) She mainly claims she was fired to avoid paying her a commission.

Based on these allegations, Plaintiff filed suit, claiming: (i) violation of Cal. Labor Code § 925; (ii) violation of Cal. Business and Professions Code § 16600.5; (iii) breach of implied covenant of good faith and fair dealing; (iv) wrongful termination in violation of public policy; (v) gender discrimination; (vi) gender pay discrimination; (vii) failure to timely pay wages; and (viii) unlawful and unfair competition. (*Generally* Doc. 17, ¶¶ 45-119.)[1] Plaintiff also alleges a representative PAGA claim. (*Id.* at ¶¶ 38-44, 120-128.) Based on these, Plaintiff seeks declaratory relief, monetary damages, civil penalties, costs, and attorneys' fees. (*Id.,* Prayer, ¶¶ A-I.)

SSC has answered Plaintiff's First Amended Complaint, which denied Plaintiff's material allegations and asserted an affirmative defense of arbitrability, in addition to others. (Doc. 20, ¶¶ 12-44, 158.)

## III.  <u>PLAINTIFF ENTERED AN ARBITRATION AGREEMENT WITH SSC.</u>

On December 18, 2019, Plaintiff electronically signed the Agreement. (Ex. 1, p. 2.) Both Plaintiff and SSC are party to the Agreement, which provides that "any controversy, claim or dispute arising out of or related to [Plaintiff's] employment or the termination thereof…shall be" submitted to final and binding arbitration. (*Id.* at § 1(a).) The Agreement defines covered claims to include, in applicable part, those for:

> …wrongful termination, unpaid wages or compensation, breach of contract…violation of public policy…claims for physical or mental

---

[1]  All references to "Labor Code" or "Business and Professions Code" or "Civil Code" refer to California law.

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

harm or distress, or any other employment-related claims under any federal, state or other governmental law, statute, [and/or] regulation…

(*Id.* at § 1(e).) The Agreement is silent on whether representative or class claims are covered. (*Generally id.*) Per the Agreement, it also survives the termination of Plaintiff's employment. (*Id.* at § 3.) The Agreement also contains an integration clause, stating, "this is the complete agreement between [Plaintiff] and [SSC] on the subject of arbitration of disputes. (*Id.* at § 4.)

## IV.    THE PARTIES CONFERRED BEFORE FILING.

On January 3, 2025, the Parties' discussed SSC's intent to compel arbitration, and the general bases regarding the contemplated motion. (Berri Decl., ¶ 3.)  However, the Parties reached impasse. (*Id.*)

## V.    THE FAA GOVERNS THE AGREEMENT.

### A.    The Parties Selected the FAA to Govern.

Parties are entitled to choose what law governs the interpretation, applicability, and/or enforcement of an arbitration agreement. (*Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.* (1989) 489 U.S. 468, 478 [hereinafter "*Volt*"].)  Here, the Parties clearly and unmistakably selected the FAA, stating "[a]ny issues involving the arbitrability of a dispute shall be governed by the [FAA], 9 U.S.C. § 1 et seq." (Ex. 1, § 1(c).) Therefore, regardless of any interstate commerce (which does exist), the FAA governs the interpretation and enforcement of the Agreement.

### B.    In Addition, the Agreement Involves Interstate Commerce and, Therefore, the FAA Applies.

Even if the Court disregarded the Parties' choice-of-law (it should not), the FAA applies because the Agreement "involves" interstate commerce. (*CarMax Auto Superstores California LLC v. Hernandez* (2015) 94 F.Supp.3d 1078, 1100; 9 U.S.C. § 2.) Notably, this is a low burden, requiring only a nexus between interstate commerce and the employment relationship. (*Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, (2003); *Circuit City Stores, Inc. v. Adams* (2001) 532 U.S. 105, 113-21 [discussing Congress'

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

intent to exercise its authority to regulate commerce to the fullest extent, and, therefore, to cover all employment agreements not specifically exempted]; *Bruce Terminix Cos., Inc. v. Dobson* (1995) 513 U.S. 265, 282 [concluding that a relationship involved interstate commerce where, *inter alia*, the defendant was a national corporation that was engaged in business in multiple states].)

Here, the evidence overwhelmingly shows that the Agreement involves interstate commerce, to which examples include:

- Plaintiff is a citizen of California (Doc. 17, ¶ 6), and SSC is a citizen of Delaware and New York (*Id.* at ¶ 9; Alvarez Decl., ¶ 4 and 11);

- The Agreement was generated by SSC in New Jersey, and electronically signed by Plaintiff in California (Ex. 2; Alvarez Dec., ¶ 11);

- SSC (Delaware and New York) paid wages and other benefits to Plaintiff (California) (Alvarez Decl., ¶ 11);

- Plaintiff's employment with SSC involved procuring deals on SSC's behalf in multiple states (including California, Arizona, Hawaii, and Nevada), which she admits (Doc. 17, ¶ 16; Alvarez Decl., ¶ 11); and

- Plaintiff admits that SSC was conducting business in California (*Id.* at ¶¶ 6 and 9).

Additionally, a primary allegation involves whether Plaintiff earned a large commission on the Edison Deal. (*Id.* at ¶¶ 27-29.) This deal inherently involved interstate commerce between Delaware, New York, and California, being the locations of SSC, Plaintiff, and Edison. (Alvarez Decl., ¶ 11.) Whether considered individually or collectively, this evidence meets the low standard of interstate commerce, which is consistent with the FAA's mandate to liberally enforce arbitration agreements.

In sum, even were the choice-of-law provision somehow insufficient (it is not), the FAA still governs here because the Agreement involves interstate commerce.

/ / /

/ / /

/ / /

/ / /

DEFENDANT SECURITYSCORECARD, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION; DECLARATIONS; EXHIBITS

# VI. THE COURT HAS AUTHORITY TO COMPEL ARBITRATION.

When a party refuses to arbitrate in accordance with a written agreement, FAA § 4 provides that the aggrieved party:

> ...*may petition any United States district court ... for an order directing that such arbitration proceed in the manner provided for in such agreement*....upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

([emphasis added].) Here Plaintiff has affirmatively availed herself to the jurisdiction of this Court in filing her lawsuit, and she has also pled the same. (Doc. 17, ¶¶ 5-7.) Therefore, there is no genuine dispute that, under the FAA, the Court has authority to compel arbitration under the Agreement.

# VII. UNDER THE FAA, THERE IS A LIBERAL POLICY FAVORING ENFORCEMENT OF ARBITRATION AGREEMENTS.

As stated by SCOTUS, "[t]he 'principal purpose' of the [FAA] is to 'ensur[e] that private arbitration agreements are enforced according to their terms.'" (*AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333, 344 [internal citations and quotations omitted].) The FAA is "a congressional declaration of a liberal federal policy favoring arbitration agreements[.]" (*Moses H. Cone Hospital v. Mercury Construction Corporation* (1983) 460 U.S. 1, 24; 9 U.S.C. § 2 ["A written provision . . . to settle by arbitration a controversy thereafter arising out of such contract...shall be valid, irrevocable, and enforceable..." (emphasis added)].)

# VIII. SSC MEETS ITS BURDEN TO SHOW A VALID WRITTEN AGREEMENT EXISTS THAT COVERS PLAINTIFF'S CLAIMS.

## A. SSC's Initial Burden is Minimal.

"A party seeking to compel arbitration has the burden under the FAA to show (1) the existence of a valid, written agreement to arbitrate by a preponderance of the evidence; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue." (*Ashbey v. Archstone Property Management, Inc.* (9th Cir. 2015) 785 F.3d

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

1320, 1323; *Chiron Corp. v. Ortho Diagnostic Systems, Inc.* (9th Cir. 2000) 207 F.3d 1126, 1130; *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.* (9th Cir. 2010) 622 F.3d 996, 1005.) If "the response is affirmative on both counts, then the [FAA] <u>requires</u> the court to enforce the arbitration agreement in accordance with its terms." (*Chiron Corp., supra,* 207 F.3d at 1130 [emphasis added].) As individually discussed below, here, there is no genuine dispute that both prongs are satisfied.

## B.    A Valid, Written Agreement Exists.

An agreement to arbitrate was clearly formed, and Plaintiff already concedes it.

*First*, in determining a motion to compel arbitration, the Court must accept allegations contained in the complaint as true. (*Herrera v. Cathay Pacific Airways Limited* (2024) 104 F.4th 702, 705 [collecting authority]; *Condee v. Longwood Management Corp.* (2001) 88 Cal.App. 215, 218 [finding reversible error to deny motion to compel arbitration on formation issues when the plaintiff did not contest signing the agreement].) Here, Plaintiff attaches the Agreement to her FAC as part of the EPIIA, which she admits she entered. (Doc. 17, ¶¶ 47 and 55; Doc. 17-2 [internally pp. 49-50].) Therefore, it is undisputed that Plaintiff entered into the Agreement.

*Second,* "[a] defendant may meet its 'initial burden to show an agreement to arbitrate' merely 'by attaching a copy of the arbitration agreement purportedly bearing the opposing party's signature' to the motion to compel arbitration." (*Zamudio v. Aerotek, Inc.* (E.D. Cal. 2023) 698 F.Supp.3d 1202, 1206 [applying the FAA].) Here, SSC attaches the Agreement, which clearly bears Plaintiff's name, as well as reciting applicable provisions in this motion. (Ex. 1; Alvarez Decl., ¶ 6; *supra,* § 3.)

*Third,* to the extent that Plaintiff belatedly denies electronically signing this Agreement, the evidence overwhelmingly proves otherwise. As an issue of formation, authentication of electronic signatures is governed by state law. (*Bulnes v. Suez WTS Services USA, Inc.* (S.D. Cal. 2023) 2023 WL 326938, *8; *Zamudio v. Aerotek, Inc.* (E.D. Cal. 2023) 698 F.Supp.3d 1202, 1206-07.) Under California law, electronic signatures are valid, enforceable, and attributable to a person so long as sufficient

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

1    evidence is presented showing that the electronic signature is the "act of" that person.

2    (Civ. Code § 1633.9; *Ruiz v. Moss Bros Auto Group, Inc.* (2014) 232 Cal.App.4th 836,

3    845 [minimal burden to authenticate electronic signatures]; *People v. Skiles* (2011) 51

4    Cal.4th 1178, 1187 [circumstantial evidence sufficient].) Courts routinely enforce

5    contracts signed with DocuSign, including arbitration agreements. For example, in

6    *Newton v. American Debt Services, Inc.* (N.D. Cal. 2012), which involved some claims

7    under California law, the court found an arbitration agreement existed when: (i) the

8    party signed the document with DocuSign; and (ii) the party moving to compel

9    arbitration "explained" the process DocuSign used to verify the electronic signature.

10   (854 F.Supp.2d 712, 731-32 [*cited in Ruiz, supra,* 232 Cal.App.4th at 845]; *also e.g.,*

11   *Fabian v. Renovate America, Inc.* (2019) 42 Cal.App.5th 1062, 1069.)

12          Here, there is overwhelming evidence that the electronic signature on the

13   Agreement was an "act of" Plaintiff, including but not limited to:

- Plaintiff received DocuSign's "Electronic Record and Signature
  Disclosure," to which Plaintiff affirmatively consented to using her
  electronic signature (Ex. 2, pp. 1-5);

- The email address that Plaintiff used throughout the interview and
  onboarding process (crumley@cox.net) is the same email associated
  with her DocuSign signatures (*Id.* p. 1; Alvarez Decl., ¶ 7(c));

- The IP Address associated with Plaintiff (68.111.197.224) tracks to
  San Diego California, which is where Plaintiff reported living during
  the onboarding process (Doc. 17, ¶¶ 6-7; Ex. 4); and

- The Agreement contains the same "Envelope Id" as the DocuSign
  Certificate (Doc. 17-2 [internally pp. 49-50]; Ex. 1; Ex. 2, p. 1).

22   The accompanying declaration of Jeff Alvarez further discusses, in detail, the processes

23   used to obtain and verify Plaintiff's electronic signature in the agreement. (Alvarez

24   Decl., ¶¶ 7-10; Exs. 2-4.) In sum, the electronic signature on the Arbitration Agreement

25   was an "act of Plaintiff," to which SSC's burden is minimal.

26   / / /

27   / / /

28   / / /

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

DEFENDANT SECURITYSCORECARD, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO COMPEL ARBITRATION; DECLARATIONS; EXHIBITS

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

**C.**    **The Agreement Clearly and Unmistakably Delegates Interpretation, Applicability, and *Enforcement* to the Arbitrator.**

Usually, the Court next decides scope. However, that issue, along with interpretation, applicability, or enforceability of the Agreement, has been delegated to the arbitrator. SCOTUS has explicitly "recognized that parties can agree to arbitrate 'gateway' question of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." (*Rent-A-Center, W., Inc. v. Jackson* (2010) 561 U.S. 63, 69.) Whether an issue is delegated to the arbitration is an issue of federal law. (*Perry v. Thomas* (1987) 482 U.S. 483, 492; *Doctor's Associates, Inc. v. Casarotto* (1996) 517 U.S. 681, 687.) As SCOTUS held in *Henry Schein, Inc. v. Archer & White Sales, Inc.* (2019), "a court may not rule on the potential merits of the underlying claim that is assigned by contract to an arbitrator, even if it appears to the court to be frivolous." (589 U.S. 63, 68-69 [internal citation and quotations omitted].) If there is clear and unmistakable delegation clause, all other enforcement determinations are reserved for the arbitrator, including as to unconscionability. (*Heckman v. Live Nation Entertainment, Inc.* (C.D. Cal. 2023) 686 F.Supp.3d 939, 951-52 [*citing Rent-A-Center, W., Inc., supra,* 561 U.S. at 68-69].)

To prove delegation, all that is required is "clear and unmistakable" language signifying the parties' intent to delegate threshold questions to the arbitrator. (*Id.* at 36, fn. 1; *also Brennan v. Opus Bank* (9th Cir. 2015) 796 F.3d 1125, 1132 ["a court must enforce an agreement that, as here, clearly and unmistakably delegates arbitrability questions to the arbitrator"].) Additionally, binding authority dictates that arbitration agreements incorporating AAA Rules, which reserve jurisdictional issues for the arbitrator, meet the clear and unmistakable standard for delegation. (*Id.* at 1030 ["Now that the question regarding incorporation of the AAA rules is squarely before us, we hold that incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability."]; *Oracle America, Inc. v. Myraid Group A.G.* (9th Cir. 2013) 724 F.3d 1069, 1074-75 [collecting authority, and

applying an analogous rule with the same outcome].)

*First,* the plain terms of the Agreement clearly and unmistakably delegate threshold questions of arbitrability (i.e., interpretation, applicability, and enforceability) to the arbitrator. For example, in *Mohamed v. Uber Technologies, Inc.* (9th Cir. 2016), the court found clear and unmistakable delegation when the arbitration agreement authorized the arbitrator to "decide issues relating to the 'enforceability, revocability, or validity of the Arbitration Provision.'" (848 F.3d 1201.) Similarly, in *Momot v. Mastro* (9th Cir. 2011), the court found clear and unmistakable delegation of threshold arbitrability issues based upon the language providing determinations of the arbitration agreement's "validity or application" were reserved for the arbitrator. (652 F.3d 982, 988.) Here, the Agreement states:

> The arbitrator shall have exclusive authority to resolve…any dispute relating to the interpretation, applicability, or enforceability…of this arbitration agreement, including, but not limited to, any claim that all or any part of this arbitration agreement is void or voidable.

(Ex. 1, § 1(c).) The Agreement's language is substantially the same, if not more clear and unmistakable, as that in *Mohamed* and *Momot*, both of which the Ninth Circuit found enforceable delegation clauses. Therefore, under the plain language of the Agreement, the Court must find a clear and unmistakable delegation clause.

*Second,* the Agreement also contains a clear and unmistakable delegation clause through its incorporation of AAA Rules, stating "…Arbitration shall be in accordance with the AAA's then current version of the National Rules for the Resolution of Employment Rules." (Ex. 1, § 1(a).) The AAA Rules state, in applicable part, "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, *scope* or validity of the arbitration agreement." (AAA Emp. R. 6(a)-(b) [emphasis added].) In accordance with binding Ninth Circuit authority, the incorporation of AAA rules, standing alone, is clear and unmistakable evidence of the Parties' intent to delegate issues of the Agreement's interpretation, applicability, and/or enforcement. (*E.g., Brennan, supra,* 796 F.3d 1125, 1130.)

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

In sum, there is no doubt "clear and unmistakable" language delegating issues of arbitrability to the arbitrator. On that basis alone, the Court is *required* to compel arbitration, without further inquiry, as to all claims. Importantly, this delegation also includes any unconscionability challenges to the Agreement.

### D.    Even if the Court Reaches Delegated Issues (It Should *Not*), The Agreement Covers Plaintiff's Claims.

To the extent that the Court overlooks the Agreement's delegation clause (to be clear, it should not), Plaintiff's individual claims are within the scope of the agreement. To demonstrate Plaintiff's claims are within the Agreement's scope, allegations need only "touch matters" covered by the Agreement. (*Simula, Inc. v. Autoliv, Inc.* (9th Cir. 1999) 175 F.3d 716, 721 [collecting cases].) "[U]se of the phrase 'arising from or relating to' signifies [an] [a]rbitration [p]rovision is a 'broad provision.'" (*Vaughn v. Tesla, Inc.* (2023) 87 Cal.App.5th 208, 220 [applying the FAA].) Stated otherwise, the Court must compel arbitration "'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" (*Verducci v. Coda* (S.D. Cal. 2010) 743 F.Supp.2d 1182, 1186 [emphasis added]; *citing United Steelworkers of Am. v. Warrior & Gulf Navigation* (1960) 363 U.S. 574, 582-83.) "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." (*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.* (1983) 460 U.S. 1, 24–25; *Volt, supra,* 489 U.S. at 468 [same].)

Here, Plaintiff's claims are plainly with the Agreement's scope. She alleges wrongful termination (discrimination and retaliation), gender pay discrimination, breach of contract, failure to pay wages, unlawful contractual provisions, PAGA violations, and derivative claims, all of which arise from her employment with SSC. (*Supra,* § 8(d).) The Agreement covers "any controversy, claim or dispute arising out of or related to [Plaintiff's] employment or termination," subject to exceptions not at issue. (Ex. 1, § 1.) The Agreement further defines covered controversies, claims, and/or disputes to include wrongful termination, unpaid wages or compensation, breach of

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

DEFENDANT SECURITYSCORECARD, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION; DECLARATIONS; EXHIBITS

contract, violation of public policy, discrimination, mental distress, and claims under "any other statutes or laws relating to an employee's relationship with the employer." (*Id.* at § 1(e).) These covered claims in the Agreement are *precisely* what Plaintiff alleges, all of which arise from her employment. Therefore, there is no genuine dispute that Plaintiff's claims, at a minimum, "touch upon" covered issues under the Agreement.

## IX.    PLAINTIFF'S ANTICIPATED COUNTERARGUMENTS FAIL.[2]

As stated above, the Court should not reach the below issues, since they have been delegated to the arbitrator. However, should the Court decide to do so (to be clear, it should not), applicable law requires compelling Plaintiff's individual claims and individual PAGA claims to arbitration, and staying her representative PAGA claim pending same.

### A.    The Agreement is Silent on the Issue of Arbitrating on a Representative Basis and, Therefore, Plaintiff's Individual PAGA Claim Must Be Compelled to Arbitration and the Representative PAGA Claim Stayed.

To the extent Plaintiff argues that her PAGA claim is not subject to arbitration, she is wrong.

#### 1.    The Agreement Covers Plaintiff's Individual PAGA Claims.

As discussed, Plaintiff's individual PAGA claim falls within the Agreement's scope. That claim is predicated upon SSC's alleged discriminatory and "timely" denial of a commission payment, and allegedly unlawful provisions in a separate contract

---

[2]    As discussed, SSC's meets its initial burden. SSC is not in a position to speculate and exhaustively brief all arguments Plaintiff may raise in Opposition, which is *her* burden. (*E.g., Ronderos v. USF Reddaway, Inc.* (9th Cir. 2024) 114 F.4th 1080, 1089 ["As the party asserting unconscionability as a defense to the enforcement of the arbitration agreement, [Plaintiff] bears the burden of proving unconscionability."].) Therefore, to the extent Plaintiff makes additional arguments, SSC reserves the right to additional briefing and evidence on those issues in Reply.

(Doc. 17, ¶¶ 32-44, 120-128.) But, as shown, claims of "unpaid wages or compensation…violation of public policy, claims for…discrimination…or any other employment-related claims under any…state…law" are covered. (Ex. 1, § 1(e).) Moreover, Plaintiff's contract-related PAGA theories relate to alleged unlawful provisions in the "Employee's Proprietary Information and Inventions and Non-Competition Agreement." (*E.g.,* Doc. 17, ¶ 32.) However, the Agreement expressly makes such claims arbitrable. (Ex. 1, § 1(e) ["claims covered…include…claims related to the Employee's Proprietary Information and Inventions and Non-Competition Agreement executed by me…."].) Therefore, Plaintiff's individual PAGA claim is arbitrable. (*Diaz v. Macys West Stores, Inc.* (9th Cir. 2024) 101 F.4th 697, 707; *Parsittie v. Schneider Logistics, Inc.* (C.D. Cal. 2023) 2023 WL 2629869, *9.)

### 2.     Plaintiff's Representative PAGA Claim Must Remain in This Court and Stayed.

Plaintiff's representative PAGA claim must be stayed pending arbitration of her individual claims. Group claims, like class or representative claims, are antithetical to the concept of classic bilateral arbitration, they cannot be pursued in arbitration absent an explicit authorization in the agreement to do so. Thus, when an arbitration agreement is merely silent as to the ability to pursue group claims in arbitration, representative claims are barred from pursuit in arbitration. (*See Lamps Plus, Inc. v. Varela* (2019) 587 U.S. 176, 184-186 ["Neither silence nor ambiguity [regarding class arbitration] provides a sufficient basis for concluding that parties to an arbitration agreement agreed to undermine the central benefits of arbitration itself…[which includes the individualized form of arbitration envisioned by the FAA]."]; *see Shivkov v. Artex Risk Solutions, Inc.* (9th Cir. 2020) 974 F.3d 1051, 1069 [compelling individual claims under the FAA, but finding class claims non-arbitrable]; *see Stolt-Nielsen SA v. AnimalFeeds* (2010) 559 U.S. 662, 684.)

Here, the Agreement is silent as to either party's ability to join or pursue group claims outside their own (such as class or representative claims). (Ex. 1, § 1(e).)

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

1    Moreover, the Agreement is replete with language limiting arbitrable claims to those

2    arising from Plaintiff's *own* employment. (*Id.* at § 1 [agreeing to arbitrate any claim

3    "arising out of or related to *my* employment"], § 1(e) [covered claims include "claims

4    related to the Employee's Proprietary Information and Inventions and Non-

5    Competition Agreement executed by *me*…"].) This evinces that "the parties consented

6    only to arbitration of claims relating to [Plaintiff's] own employment." (*Diaz, supra,*

7    101 F.4th at 703.) Accordingly, Plaintiff's PAGA claim cannot be pursued on a

8    representative basis in arbitration because the Agreement is silent on arbitrability of

9    group claims (i.e., there is no agreement to arbitrate on a group basis). (*E.g.*

10    *Parvataneni v. E\*Trade Financial Corp.* (N.D. Cal. 2013) 967 F.Supp.2d 1298, 1303

11    [exact holding involving individual and representative PAGA claims, vacated on other

12    grounds]; *Diaz, supra,* 101 F.4th at 707 [same].)  Since the agreement is silent on

13    Plaintiff's ability to pursue a representative PAGA claim in arbitration, that operates as

14    a prohibition against same.

15        Furthermore, Plaintiff cannot avoid arbitration of her individual claims based

16    upon the non-arbitrability of her representative claims. Specifically, in *Viking River*

17    *Cruises, Inc. v. Moriana* (2022), SCOTUS held that the FAA mandated that PAGA

18    claims must be split into an arbitrable "individual" PAGA claim and non-arbitrable

19    representative PAGA claim. (596 U.S. 639, 647-650 [preempting state law that

20    precluded splitting individual PAGA claims to arbitration and keeping representative

21    PAGA claims in court].) Otherwise, a plaintiff could improperly undermine the parties'

22    agreement limiting arbitration to individual claims. Here, Plaintiff's representative

23    claims are beyond the scope of the Agreement, but her individual claims are not.

24    Therefore, consistent with *Viking River Cruises, Inc.*, Plaintiff's individual PAGA

25    claim must be compelled to arbitration and her representative PAGA claim remain in

26    court, with anything to the contrary being preempted by the FAA.

27    / / /

28    / / /

1    In sum, Plaintiff's representative PAGA claim must remain in court because the

2    Agreement is silent on representative claims, whereas the Court must compel Plaintiff's

3    individual PAGA claim to arbitration (along with her other individual claims).

4    **B.    Alternatively, the Court Must Compel Arbitration of Plaintiff's**

5    **Entire PAGA Claim.**

6    Should the Court disagree with the effect of the Agreement's silence as to

7    arbitration on a representative basis (it should not), it must still compel the entire

8    PAGA claim (i.e. Plaintiff's individual and representative PAGA claim) to arbitration.

9    *Bernstein v. PayReel, Inc.* (C.D. Cal. 2023) is instructive. There, the Court found it

10   ambiguous whether the representative claims were covered under the arbitration

11   agreement, which was silent on arbitrability of representative claims. (*Bernstein,*

12   *supra,* 2023 WL 550872, *4.) On that basis, the court compelled the plaintiff's

13   individual and representative PAGA claims to arbitration, consistent with the FAA's

14   liberal mandate of enforcing arbitration agreements. (*Id.*) Here, the same outcome

15   would be required, should the Court decline to follow *Parvataneni* (*supra,* § 9(a)(ii)).

16   Therefore, whether under the delegation clause or, alternatively, under any

17   possible interpretation of the agreement, Plaintiff's PAGA claim must be compelled to

18   arbitration, whether in whole or in part.

19   **C.    Plaintiff Would Be Wrong to Argue The Agreement is Somehow**

20   **Unconscionable.**

21   In Opposition, Plaintiff may argue the Agreement is unconscionable, and

22   therefore unenforceable. She is wrong.

23   *First*, it is for the *arbitrator* to decide unconscionability, not the Court. As noted,

24   the Parties "clearly and unmistakably" delegated that issue to the arbitrator. Purported

25   unconscionability is a defense to an agreement's enforceability. (*Heckman, supra,* 686

26   F.Supp.3d at 951-52.) But, as noted above, the parties delegated this issue to the

27   arbitrator. (*Supra,* § 8(c).) As such, the issue of the contract's enforceability is properly

28   reserved for the arbitrator. (*Prima Paint Corp. v. Flood & Conklin Mfg. Co.* (1967)

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

DEFENDANT SECURITYSCORECARD, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO COMPEL ARBITRATION; DECLARATIONS; EXHIBITS

388 U.S. 395, 403-04.)

*Second*, she is also wrong on substance. Courts are required to read provisions in context of the whole contract. (Civ. Code, § 1641; *Zalkind v. Ceradyne, Inc.* (2011) 194 Cal.App.4th 1010, 1027.) Additionally, when contracts contain language such as "to the maximum extent permitted by law" and do not contain temporal limitations, such provisions are written to capture the evolution of the law (whether statutory, decisional, or otherwise). (*Hagemier v. A Better Life Recovery, LLC* (2024) 2024 WL 171064, *5-6 [*citing DIRECTV, Inc. v. Imburgia* (2015) 577 U.S. 47, 54-58]; *Rodriguez v. Twitter, Inc.* (N.D. Cal. 2023) 671 F.Supp.3d 1028, 1032-33 [finding "to the extent required under governing law" required conforming the arbitration agreement to said law].)

Here, it appears Plaintiff will argue the Agreement contains an unlawful New York City-venue provision, in violation of Labor Code § 925, citing Section 1(a) of the Agreement. But this is off-base. The Agreement, and that provision, read as a *whole*, says no such thing. Rather, all of the Agreement's core arbitration provisions are within the sub-sections of Section 1, and are subject to, and qualified by, the preliminary language of Section 1, which states that, "[t]*o the maximum extent permitted by law*…[covered disputes] shall be arbitrated in accordance with the following procedure…" (Ex. 1, § 1.) Sub-section 1(a) then states that claims shall be submitted for arbitration with AAA "in New York City." Overall, reading these provisions together (as they must be), the Agreement only requires arbitration in New York City "[t]o the maximum extent permitted by law." Accordingly, since applicable law is incorporated in the Agreement (via the "maximum extent permitted by law" language), and that law (namely, Labor Code § 925(a)(1)-(2)), precludes the NYC choice-of-law venue, there is no violation of Labor Code § 925 under the Agreement's own, plain language. The Agreement simply does not say what Plaintiff says it does.[3]

---

[3]    With the incorporated applicable law overriding any New York City choice-of-

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

_Third_, Plaintiff may also argue the Agreement (at § 1(d)) has an unlawful fee-shifting provision, purportedly requiring all arbitration fees to be paid by the non-prevailing party, allegedly in violation of _Armendariz v. Foundation Health Psychcare Serv., Inc._ (2000), which case requires the employer to pay all costs unique to arbitration. (24 Cal.4th 83, 113.) But, again, this misstates the Agreement. There is no actual _Armendariz_ problem because, the Agreement expressly states this is a requirement _only if it is legal_. As above, § 1(d) is qualified by the language "to maximum extent permitted by law." Thus, § 1(d) reads, in full, "to the maximum extent permitted by law … all fees and expenses relating to arbitration … shall be paid by the non-prevailing party …." (Ex. 1, § 1(d).) Since incorporated California law would preclude this to mean requiring a non-prevailing employee to pay all arbitration fees and expenses under Armendariz, the Agreement does not require that.

Moreover, the provision also does not otherwise even create an _Armendariz_ problem, because, even absent the "to the maximum extent permitted language," it does not require the losing party to pay unique arbitration fees. It is, instead, a classic prevailing party attorney fee-shifting provision. Under AAA Rules, the provision identifies that the losing party may be required costs and fees not unique to arbitration, assuming a predicate fee-shifting statute or rule applies. (AAA. Emp. R. 39 ["The arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court including awards of attorney's fees and costs, in accordance with applicable law."].)

In sum, issues of unconscionability are reserved for the arbitrator, which is an issue of enforcement. But, even if the Court reached unconscionability of the Agreement (again, it should not), Plaintiff's anticipated counter arguments each fail.

/ / /

---

venue, the AAA's Employment Rules – invoked at § 1(a) – control. Those allow AAA to select the venue, subject to the arbitrator making the "final determination." (AAA Emp. R. 10.)

DEFENDANT SECURITYSCORECARD, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION; DECLARATIONS; EXHIBITS

**D.**    **Any Unconscionable Provisions Should be Severed.**

To the extent any provisions were found unconscionable (to be clear, there are none), they should simply be severed. Even though the FAA governs enforcement, severability is governed by California law. (*Simmons v. Morgan Stanley Smith Barney, LLC* (S.D. Cal. 2012) 872 F.Supp.2d 1002, 1019.) Applicable here, Civil Code § 1670.5(a) provides:

> If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court…it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

Even without a severance clause, courts retain discretion to sever unconscionable clauses. (*Ramirez v. Charter Communications* (2024) 16 Cal.5th 478, 518; *also* Civ. Code § 1670.5(a) [containing no such requirement].) There is a "strong legislative and judicial preference…to sever the offending term and enforce the balance of the agreement. (*Roman v. Superior Court* (2009) 172 Cal.App.4th 1462, 1477-78; Civ. Code § 3541 ["An interpretation which gives effect is preferred to one which makes void."]; Civ. Code § 1643 [if possible without violating the parties' unambiguous intent, a contract is interpreted so as to make it "lawful, operative, definite, reasonable and capable of being carried into effect"].)

Here, the Agreement does not contain a severability clause. However, to the extent that the Court finds any provisions of the arbitration agreement unconscionable (to be clear, there are none), Court can and should exercise its discretion to sever such terms. Such severance is consistent with Court's mandate to liberally enforce arbitration, and consistent with the Parties' contractual expectations.

**X.**    **THE COURT SHOULD STAY THE PROCEEDINGS.**

There are a number of stays that should be entered here.

**A.**    **Stay Pending This Motion.**

The Court should *first* stay the case pending this motion's outcome. While this motion is pending, the Court's "power to stay proceedings is incidental to the power

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

1  inherent in every court to control the disposition of the causes on its docket with

2  economy of time and effort for itself, for counsel, and for litigants." (*Landis v. N. Am.*

3  *Co.* (1936) 299 U.S. 248, 254.) For purposes of assessing a discretionary stay, the Ninth

4  Circuit adopted the following framework:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

10  (*Lockyer v. Mirant Corp.* (9th Cir. 2005) 398 F.3d 1098, 1110 [*quoting CMAX, Inc. v.*

11  *Hall* (9th Cir. 1962) 300 F.2d 265, 268].)

12      Recognizing the irreparable harm of forcing a movant to a motion to compel

13  arbitration to litigate other issues, district courts routinely stay litigation, including

14  discovery, pending resolution of motions to compel arbitration. (*E.g., Roe v. Gray* (D.

15  Colo. 2001) 165 F.Supp.2d 1164, 1174.) Requiring the parties to proceed with the

16  action pending a ruling on the motion would cause the moving party to be "deprived

17  of the inexpensive and expeditious means by which the parties had agreed to resolve

18  their disputes." (*Alascom, Inc. v. ITT North Elec. Co.* (9th Cir. 1984) 727 F.2d 1419,

19  1422; *Rocha v. U-Haul* (2023) 88 Cal.App.5th 65, 78 [applying the same rationale and

20  reaching the same conclusion under California law].) A stay pending determination of

21  this motion is further consistent with the principle that jurisdiction over arbitrable

22  issues properly lies with the arbitrator, not the Court. (*Bailey v. AffinityLifeStyles.com,*

23  *Inc.* (D. Nev. 2017) 2017 WL 10378319, *1-2 [collecting cases]; *Franco v. Arakelian*

24  *Enterprises, Inc.* (2015) 234 Cal.App.4th at 966 [stay required as to avoid undermining

25  the arbitrator's jurisdiction, applying persuasive California law].)

26      Here, if the Court denies a stay pending determination of this motion, SSC will

27  be severely and irreparably prejudiced. SSC contracted for an arbitral forum. It should

28  not be forced to litigate in Court, and denied the benefit of its bargain, with a motion

deciding that issue pending. Forcing it to engage in expensive discovery under the federal, rather than arbitral rules, would lead to undue expense. (*E.g., Mundi v. Union Sec. Life Ins. Co.* (E.D. Cal. 2007) 2007 WL 2385069, *6 [holding that "the parties should not be required to endure the expense of discovery that ultimately would not be allowed in arbitration"].) If SSC were forced to litigate pending the motion, this could be argued as waiver of the Agreement. (*Martin v. Yasuda* (9th Cir. 2016) 829 F.3d 1118, 1125 [acting inconsistent with right to arbitrate supports waiver].) Litigating in the interim makes little sense, and leads to potentially unnecessary use of resources and activity. If the motion is granted, all pre-motion activity in Court is rendered moot. The parties head to arbitration to conduct that activity anew, which is unduly wasteful and taxing on resources. (*Alascom, Inc., supra,* 727 F.2d at 1422; *Landis, supra,* 299 U.S. at 254; FRCP R. 1.) This also leads to potentially duplicative litigation, which could also result in conflicting rulings between the Court and arbitrator. (*Sanchez v. Green Messengers, Inc.* (N.D. Cal. 2023) 666 F.Supp.3d 1047, 1054 [inconsistent rulings and piecemeal litigation over the same issues is disfavored and supports implementing a stay].) Forcing SSC to litigate while this motion is pending would be inefficient (both for the Parties and the Court) as well as highly prejudicial to SSC.

Conversely, if the Court grants a stay pending determination of this motion, Plaintiff will suffer no prejudice whatsoever. Plaintiff will have the right to conduct discovery pursuant to AAA Rules. Additionally, to the extent that Plaintiff claims that mere delay is prejudicial, that issue was self-created when Plaintiff knowingly filed this case in the improper jurisdiction, having contracted for arbitration.

## B.    All Plaintiff's Claims Should Be Stayed Pending Arbitration.

*First,* the Court has discretionary authority to stay non-arbitrable issues pending the completing of arbitration, when there is substantial overlap between arbitrable and non-arbitrable issues. (*U.S. for Use and Benefit of Newton v. Neumann Caribbean Intern., Ltd.* (9th Cir. 1985) 750 F.2d 1422, 1426; *Britt v. Lennar Corporation* (E.D. Cal. 2024) 732 F.Supp.3d 1220, 1237-38 [collecting authority]; *United*

DEFENDANT SECURITYSCORECARD, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO COMPEL ARBITRATION; DECLARATIONS; EXHIBITS

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

*Communications Hub, Inc. v. Qwest Communications, Inc.* (9th Cir. 2002) 46 Fed.Appx. 412, 415 [stay to non-arbitrable claims is '"appropriate where the arbitrable claims predominate, or where the outcome of the nonarbitrable claims will depend on the arbitrator's decision."' (emphasis added)].) Courts have routinely stayed representative PAGA claims pending completion of arbitration of individual causes of action because arbitration will determine Plaintiff's standing. (*E.g., Britt on behalf of California v. Lennar Corporation* (N.D. Cal. 2024) 732 F.Supp.3d 1220, 1237-39 [exact outcome, and collecting authority]; *see Rodriguez v. Lawrence Equipment, Inc.* (2024) 106 Cal.App.5th 645, 655-56 [requiring a PAGA representative to have personally suffered the predicate violation(s)]; Lab. Code § 2699(a), (c)(1) [newly revised to require representative standing].)

Here, Plaintiff's representative PAGA claim should remain in Court. However, this non-arbitrable claim should be stayed pending the completion of arbitration because there is substantial overlap with arbitrable issues. Specifically, Plaintiff's PAGA claims (both individual and representative) are predicated upon the same violations of Labor Code §§ 204 and 218/219 (failure to pay timely wages), § 432.5 (violation of requiring employees to agree to unlawful terms as conditions of employment), § 925 (venue limitations and substantive protections of California law), and § 1197.5 (gender pay discrimination) that she alleges to have personally experienced. Importantly, Plaintiff *also* alleges claims directly under these statutes that, as discussed, are arbitrable. Otherwise stated, the arbitrator will be making findings of facts and law regarding the alleged violations, which will determine her standing to bring any representative PAGA claim based upon said violations. To permit Plaintiff to litigate her representative PAGA claim in court, while having the issue of her standing squarely litigated in arbitration, also presents a serious risk of inconsistent findings of fact and law and, consequentially, enormously inefficient litigation in both arbitration and in this Court. Should the Court somehow not compel Plaintiff's PAGA claim to arbitration at all, it should still stay the PAGA claim pending arbitration of her

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

1  individual, non-PAGA claims for the same reason.

2       *Second*, as to any arbitrable issues (whether individual or representative), they

3  *must* be stayed pending arbitration. In applicable part, the FAA § 3 provides:

4       If any suit or proceeding be brought in any of the courts of the United
        States upon ***any issue*** referable to arbitration under an agreement in
5       writing for such arbitration, the court in which such suit is
        pending…***shall on application of one of the parties stay the trial of***
6       ***the action until such arbitration has been had in accordance with the***
        ***terms of the agreement***…

7

8  ([emphasis added]; *Smith v. Spizzirri* (2024) 601 U.S. 472, 475-78 [under the FAA,

9  stay is mandatory].) Here, SSC makes an affirmative request to stay all arbitrable issues

10 pending the completion of arbitration, which the Court is *required* to grant under the

11 FAA.

12      In sum, the Court *should* stay all non-arbitrable issues (such as Plaintiff's

13 representative PAGA claim) and, under the FAA § 3, *must* stay all arbitrable issues.

## XI.   CONCLUSION.

15      For the aforementioned reasons, respectfully, the Court must stay proceedings

16 pending this motion, compel Plaintiff's claims to arbitration, and staying all court

17 proceedings pending completion of arbitration.

18

19 DATED:  March 12, 2025          WOOD, SMITH, HENNING & BERMAN LLP

20

21

22                                By:  _____
                                       JASON C. ROSS
23                                     AHLLAM H. BERRI
                                       ZACHARY T. LYNCH
24                                Attorneys for Defendant, SecurityScorecard,
25                                Inc.

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

DEFENDANT SECURITYSCORECARD, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO COMPEL ARBITRATION; DECLARATIONS; EXHIBITS

## <u>PROOF OF SERVICE</u>

### 24-cv-2037-L-AHG

I am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 6A Liberty Street, Suite 200, Aliso Viejo, CA 92656.

On March 12, 2025, I served the following document(s) described as **DEFENDANT SECURITYSCORECARD, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION, STAY PROCEEDINGS PENDING THE MOTION, AND STAY PROCEEDINGS PENDING ARBITRATION; DECLARATIONS; EXHIBITS** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 12, 2025, at Aliso Viejo, California.

_____
Mai N. Nguyen

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

DEFENDANT SECURITYSCORECARD, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION; DECLARATIONS; EXHIBITS

**CERTIFICATE OF SERVICE**
**Jennifer Crumley v. SecurityScorecard, Inc.**
**Case No. 3:24-cv-02037-L-AHG**

AARON M. OLSEN (259923)
ANNA C. SCHWARTZ (346268)
HAEGGQUIST & ECK, LLP
ALREEN HAEGGQUIST (221858)
225 Broadway, Suite 2050
San Diego, CA 92101
Tel: (619) 342-8000 / Fax: (619) 342-7878
Email: aarono@haelaw.com
        annas@haelaw.com
        jillk@haelaw.com

Attorneys for Plaintiff Jennifer Crumley

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ◆ FAX 619.849.4950