Jason C. Ross (State Bar No. 252635)
jross@wshblaw.com
Ahllam H. Berri (State Bar No. 323123)
aberri@wshblaw.com
Zachary T. Lynch (State Bar No. 332964)
zlynch@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
501 West Broadway, Suite 1200
San Diego, California 92101
Phone: 619.849.4900 ♦ Fax: 619.849.4950

Attorneys for SecurityScorecard, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| Jennifer Crumley, an Individual , | Case No. 24-cv-2037-L-AHG |
|---|---|
| Plaintiff, | **DECLARATION OF JEFF ALVAREZ IN SUPPORT OF DEFENDANT SECURITYSCORECARD, INC.'S MOTION TO COMPEL ARBITRATION, STAY PROCEEDINGS PENDING THE MOTION, AND STAY PROCEEDINGS PENDING ARBITRATION** |
| v. | |
| SecurityScorecard, Inc., a New York Corporation, | |
| Defendant. | (Filed Concurrently with Notice of Motion; Memorandum of Points and Authorities; Declaration of Ahllam H. Berri, Esq.; and [PROPOSED] Order) |
| | Date:    April 14, 2025 |
| | Time:    10:30am |
| | Crtrm.:  5B |
| | Trial Date:       None Set |
| | (Assigned to Hon. M. James Lorenz) |

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

DECLARATION OF JEFF ALVAREZ IN SUPPORT OF DEFENDANT SECURITYSCORECARD, INC.'S MOTION TO COMPEL ARBITRATION, STAY PROCEEDINGS PENDING THE MOTION, AND STAY PROCEEDINGS PENDING ARBITRATION

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

## DECLARATION OF JEFF ALVAREZ

I, Jeff Alvarez, declare as follows:

1.    I am over 18 years of age.  I know the following facts to be true of my own personal knowledge, and if called to testify, I could and would competently do so.

2.    I make this declaration in support of Defendant SecurityScorecard, Inc.'s ("SSC") Motion to Compel Arbitration, Request to Stay Proceedings Pending Motion, and Request Stay Proceedings Pending Arbitration ("Motion to Compel Arbitration") in the case styled *Crumley v. SecurityScorecard, Inc.* (S.D. Cal. Case. No. 24-cv-2037-J-AHG).

3.    I am presently employed by SSC as Chief People Office. In this role,  I am personally knowledgeable and familiar with SSC's business, organization, recordkeeping, as well as its human resource and personnel operations. I also have oversight of, and am a custodian for the preparation, retention, and maintenance of personnel business records kept in the ordinary course of SSC's business, including such records related to employee contracts, arbitration agreements, onboarding documents, personnel transactions, arbitration agreements, compensation plans, personnel files. pay records, and other, related employment records

4.    SSC is incorporated in Delaware, and has its principal place of business in New York City, New York. SSC is primarily in the business of providing security ratings, supply chain detection and response services, as well as other cyber security services. SSC's regular business operations span the United States, which was also the case during Plaintiff Jennifer Crumley's ("Plaintiff") employment.

5.    According to Plaintiff's personnel records, which I have access to and reviewed in preparation of this declaration, SSC employed Plaintiff from around January 6, 2020, to October 11, 2023. SSC hired Plaintiff as a "Field Sales Director, Southern California Region." In effect, at varying points during Plaintiff's employment, she sold SSC's aforementioned cyber security services throughout

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ◆ FAX 619.849.4950

1  California, Hawaii, Arizona, and Nevada. During Plaintiff's employment, her self-
2  reported addresses included 755 Bear Valley Pkwy., Escondido, CA 92025 and 1039
3  Cherry Ave., Imperial Beach, CA 91932.

4       6.     As part of Plaintiff's onboarding with SSC, she electronically signed a
5  series of documents, including a compensation agreement and a mutual agreement
6  between the Parties to arbitrate claims arising from Plaintiff's employment. Attached
7  as **Exhibit 1** to SSC's Motion to Compel Arbitration is a true and correct copy of
8  Plaintiff and SSC's Arbitration Agreement (the "<u>Agreement</u>"), dated December 18,
9  2019. This document was created and maintained in SSC's course of regularly
10  conducted business activity (namely, employee hiring and onboarding) at or near the
11  time of the act, condition, or event documented therein and in order to preserve the
12  records.

13       7.     Plaintiff electronically signed the Agreement, as well as other
14  onboarding documents and compensation agreements, through the well-known and
15  widely used program DocuSign. The process, which is a routine business practice in
16  the hiring and onboarding of employees, is as follows:

17       a.     With its own unique credentials, SSC logged into its
18       account with DocuSign, which is hosted through its own
19       website.

20       b.     SSC uploaded the Agreement into the DocuSign program,
21       marking the areas for Plaintiff's signature and the date.

22       c.     SSC created and sent an "envelope" of documents, which
23       included the Agreement, for Plaintiff's review and
24       electronic signature. This process included inputting
25       Plaintiff's email address (crumleys@cox.net). This was
26       the same personal email that SSC communicated with
27       Plaintiff throughout the onboarding process, as well as
28       throughout the course of her employment and later

DECLARATION OF JEFF ALVAREZ IN SUPPORT OF DEFENDANT SECURITYSCORECARD, INC.'S MOTION TO COMPEL ARBITRATION, STAY PROCEEDINGS PENDING THE MOTION, AND STAY PROCEEDINGS PENDING ARBITRATION

termination.

d.  DocuSign auto-generated and sent an email to Plaintiff's aforementioned address on December 18, 2019, which included a link to DocuSign's website platform to review and sign documents.

e.  Through the link sent from DocuSign to Plaintiff's email, she opened the documents for review and signature through DocuSign's secure website Platform.

f.  Upon entering the review and signature interface, Plaintiff was presented the "electronic receipt of electronic consumer disclosures." This discussed Plaintiff's assent to electronic notices and disclosures, accessing paper copies, and processes for withdrawing consent, among other topics. In order to proceed with the review and signature processes through the DocuSign program, Plaintiff was required to acknowledge the disclosure (which she did in fact do).

g.  Around three hours after the envelope being emailed to Plaintiff from DocuSign, Plaintiff signed the agreement through the DocuSign Program, which applied her name to the Agreement. In doing so, DocuSign required Plaintiff to consent to using an electronic signature.

h.  Following Plaintiff's completion of the documents: (i) Plaintiff received a copy automatically from DocuSign to her email address; (ii) SSC's received an email copy; and (iii) the documents are securely stored on SSC's account with DocuSign.

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

DECLARATION OF JEFF ALVAREZ IN SUPPORT OF DEFENDANT SECURITYSCORECARD, INC.'S MOTION TO COMPEL ARBITRATION, STAY PROCEEDINGS PENDING THE MOTION, AND STAY PROCEEDINGS PENDING ARBITRATION

i.   As part of DocuSign's processes, it automatically gives each transaction a unique identification number, timestamps of when the task was completed, as well as, documents the IP addresses of the sender and recipient. This all occurred with Plaintiff's electronic signature process.

j.   Following SSC's receipt of the Agreement electronically signed by Plaintiff, Aleksandr Yampolskiy, CEO, signed the Agreement on behalf of SSC.

8.    Attached as **Exhibit 2** to SSC's Motion to Compel is a true and correct copy of the "Certificate Of Completion," which was automatically generated by DocuSign and sent to SSC upon Plaintiff's completion of the onboarding documents, which included the Agreement. This document was created and maintained in SSC's course of regularly conducted business activity (namely, employee hiring and onboarding) at or near the time of the act, condition, or event documented therein and in order to preserve the records.

9.    Attached as **Exhibit 3** to SSC's Motion to Compel Arbitration is a true and correct copy of DocuSign's "How DocuSign Works" webpage (specifically, the "Send" and "Sign" and "Manage" tabs), as it existed on December 23, 2019, which was the closest date available to Plaintiff's electronic signature for the Agreement. These webpages were available through the WayBack Machine at "https://web.archive.org/web/20191223103053/https://www.docusign.com/products/electronic-signature/how-docusign-works". WayBack Machine is a publicly available website archival program. This exhibit details the processes for creating, sending, and receiving secure documents and signatures via DocuSign, as they existed in December 2019.

/ / /

/ / /

36067536.1:05394-0160

Case No. 24-cv-2037-L-AHG

DECLARATION OF JEFF ALVAREZ IN SUPPORT OF DEFENDANT SECURITYSCORECARD, INC.'S MOTION TO COMPEL ARBITRATION, STAY PROCEEDINGS PENDING THE MOTION, AND STAY PROCEEDINGS PENDING ARBITRATION

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

10.    Attached as **Exhibit 4** is a true and correct copy of a report locating Plaintiff's IP Address (68.111.197.224), showing the IP Address used to access the DocuSign software was generally located in San Diego County, California. This tool is publicly available at https://www.whatismyip.com/ip-address-lookup/ (last accessed February 20, 2025).

11.    Plaintiff's employment by SSC involved interstate commerce, to which examples include but are not limited to: (i) the payment of wages and benefits by SSC (Delaware and New York) to Plaintiff (California); (ii) the Agreement originated in New Jersey and was signed by Plaintiff in California, as well as other documents that dictated Plaintiff's employment compensation; (iii) Plaintiff operated in multiple states throughout her employment (California, Hawaii, Arizona, and Nevada), for the benefit of SSC (Delaware and New York); and (iv) the deal for which Plaintiff alleges she is owed commission (i.e., the Edison Deal), involved the sale of services between California, New York, and Delaware.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 3 ____ day of Mach, 2025, at NY _____, NY _____.

Signed by:

*Jeff Alvarez*

55658762E2DD453

JEFF ALVAREZ

**EXHIBIT "1"**

# ARBITRATION AGREEMENT

1.To the maximum extent permitted by law, I, ___Jennifer Crumley___, and SecurityScorecard, Inc., a Delaware corporation (the "Company"), agree that, except as noted below, any controversy, claim or dispute arising out of or related to my employment or the termination thereof ("claims") shall be arbitrated in accordance with the following procedure:

    (a)     Any and all claims shall be submitted to final and binding arbitration before the American Arbitration Association ("AAA") in New York City, New York.  Such arbitration shall be in accordance with the AAA's then current version of the National Rules for the Resolution of Employment Disputes.  The arbitrator shall be selected in accordance with the AAA's selection procedures in effect at the time.  Either party may initiate arbitration proceedings by filing a demand for arbitration with the AAA in New York City, New York.

    (b)     The arbitrator shall have the authority to grant any relief authorized by law.

    (c)     The arbitrator shall have exclusive authority to resolve all claims covered by this arbitration agreement, and any dispute relating to the interpretation, applicability, enforceability or formation of this arbitration agreement, including, but not limited to, any claim that all or any part of this arbitration agreement is void or voidable.  Any issues involving the arbitrability of a dispute shall be governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq.

    (d)     All fees and expenses relating to any arbitration (including, without limitation, the reasonable legal fees and expenses of the prevailing party and expert witness fees) arising pursuant hereto shall be paid by the non-prevailing party, and the arbitrator shall include an award of such amounts in its decision.

    (e)     The claims covered by the above include, but are not limited to, claims for wrongful termination, unpaid wages or compensation, breach of contract, torts, violation of public policy, claims for harassment or discrimination (including, but not limited to, race, sex, religion, national origin, age, marital status, medical condition, disability, or sexual orientation), claims for benefits (except where an employee benefit or pension plan specifies a procedure for resolving claims different from this one), claims for physical or mental harm or distress, or any other employment-related claims under any federal, state or other governmental law, statute, regulation or ordinance, including, but not limited to, Title VII of the Civil Rights Act of 1965, the Americans With Disabilities Act, the Age Discrimination in Employment Act, and any other statutes or laws relating to an employee's relationship with the employer, and claims related to the Employee's Proprietary Information and Inventions and Non-Competition Agreement executed by me a copy of which is attached hereto.  However, claims for workers' compensation benefits and unemployment compensation benefits are not covered by this arbitration agreement, and such claims may be presented to the appropriate court or government agency.

    (f)     Notwithstanding this agreement to arbitrate, neither party waives the right to seek through judicial process, preliminary injunctive relief to preserve the status quo or prevent irreparable injury before the matter can be heard in arbitration.

(g)     The arbitrator shall issue a written arbitration decision stating the arbitrator's essential findings and conclusions upon which any award is based.  A party's right for review of the decision is limited to grounds provided under applicable law.

(h)     The parties agree that the arbitration shall be final and binding and any arbitration award shall be enforceable in any court having jurisdiction to enforce this arbitration agreement.

2.     BY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH THE COMPANY AND I GIVE UP ALL RIGHTS TO TRIAL BY JURY, EXCEPT AS EXPRESSLY PROVIDED HEREIN.

3.     I agree that this agreement to arbitrate shall survive the termination of my employment.

4.     This is the complete agreement between me and the Company on the subject of arbitration of disputes.  This agreement supersedes any prior or contemporaneous oral or written understanding on the subject.  This agreement cannot be changed unless in writing, signed by me and the President or Chief Executive Officer of the Company.

AGREED TO AND ACCEPTED:

Dated: 12/18/2019 _____

_____
(Signature)

Jennifer Crumley
_____
(Print Employee Full Name)

Dated: _____

SecurityScorecard, Inc.

By :

_____

Name: Aleksandr Yampolskiy

Title: CEO

**EXHIBIT "2"**



## Certificate Of Completion

Envelope Id: 9E347A618C1C418F96202BD96AF8B183
Subject: Congratulations! Your formal offer from SecurityScorecard
Source Envelope:
Document Pages: 11     Signatures: 3
Certificate Pages: 5     Initials: 0
AutoNav: Enabled
EnvelopeId Stamping: Enabled
Time Zone: (UTC-08:00) Pacific Time (US & Canada)

Status: Completed

Envelope Originator:
Jeff Hall
26 Fox Run Drive
East Hanover, NJ  07936
jhall@securityscorecard.io
IP Address: 52.20.64.141

## Record Tracking

Status: Original
    12/18/2019 9:02:18 AM

Holder: Jeff Hall
    jhall@securityscorecard.io

Location: DocuSign

| Signer Events | Signature | Timestamp |
|---|---|---|
| Jennifer Crumley<br>crumleys@cox.net<br>Security Level: Email, Account Authentication (None) | *Jennifer Crumley*<br>DocuSigned by:<br>98E46CE1C97740B...<br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 68.111.197.224 | Sent: 12/18/2019 9:05:05 AM<br>Viewed: 12/18/2019 9:14:08 AM<br>Signed: 12/18/2019 12:37:13 PM |

**Electronic Record and Signature Disclosure:**
    Accepted: 12/18/2019 9:14:08 AM
    ID: c876c5e0-d027-40b6-ad69-cd211767f0c5

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| jwebb@securityscorecard.io<br>jwebb@securityscorecard.io<br>Security Level: Email, Account Authentication (None) | **COPIED** | Sent: 12/18/2019 9:05:05 AM |

**Electronic Record and Signature Disclosure:**
    Not Offered via DocuSign

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 12/18/2019 9:05:05 AM |
| Certified Delivered | Security Checked | 12/18/2019 9:14:08 AM |
| Signing Complete | Security Checked | 12/18/2019 12:37:13 PM |
| Completed | Security Checked | 12/18/2019 12:37:13 PM |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

Electronic Record and Signature Disclosure created on: 1/6/2017 2:10:38 PM
Parties agreed to: Jennifer Crumley

**CONSUMER DISCLOSURE**

From time to time, Julie Goodman (we, us or Company) may be required by law to provide to you certain written notices or disclosures. Described below are the terms and conditions for providing to you such notices and disclosures electronically through the DocuSign, Inc. (DocuSign) electronic signing system. Please read the information below carefully and thoroughly, and if you can access this information electronically to your satisfaction and agree to these terms and conditions, please confirm your agreement by clicking the â€˜I agreeâ€™ button at the bottom of this document.

**Getting paper copies**

At any time, you may request from us a paper copy of any record provided or made available electronically to you by us. You will have the ability to download and print documents we send to you through the DocuSign system during and immediately after signing session and, if you elect to create a DocuSign signer account, you may access them for a limited period of time (usually 30 days) after such documents are first sent to you. After such time, if you wish for us to send you paper copies of any such documents from our office to you, you will be charged a $0.00 per-page fee. You may request delivery of such paper copies from us by following the procedure described below.

**Withdrawing your consent**

If you decide to receive notices and disclosures from us electronically, you may at any time change your mind and tell us that thereafter you want to receive required notices and disclosures only in paper format. How you must inform us of your decision to receive future notices and disclosure in paper format and withdraw your consent to receive notices and disclosures electronically is described below.

**Consequences of changing your mind**

If you elect to receive required notices and disclosures only in paper format, it will slow the speed at which we can complete certain steps in transactions with you and delivering services to you because we will need first to send the required notices or disclosures to you in paper format, and then wait until we receive back from you your acknowledgment of your receipt of such paper notices or disclosures. To indicate to us that you are changing your mind, you must withdraw your consent using the DocuSign â€˜Withdraw Consentâ€™ form on the signing page of a DocuSign envelope instead of signing it. This will indicate to us that you have withdrawn your consent to receive required notices and disclosures electronically from us and you will no longer be able to use the DocuSign system to receive required notices and consents electronically from us or to sign electronically documents from us.

**All notices and disclosures will be sent to you electronically**

Unless you tell us otherwise in accordance with the procedures described herein, we will provide electronically to you through the DocuSign system all required notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you during the course of our relationship with you. To reduce the chance of you inadvertently not receiving any notice or disclosure, we prefer to provide all of the required notices and disclosures to you by the same method and to the same address that you have given us. Thus, you can receive all the disclosures and notices electronically or in paper format through the paper mail delivery system. If you do not agree with this process, please let us know as described below. Please also see the paragraph immediately above that describes the consequences of your electing not to receive delivery of the notices and disclosures

electronically from us.

**How to contact Julie Goodman:**

You may contact us to let us know of your changes as to how we may contact you electronically, to request paper copies of certain information from us, and to withdraw your prior consent to receive notices and disclosures electronically as follows:

To contact us by email send messages to: jgoodman@securityscorecard.io


**To advise Julie Goodman of your new e-mail address**

To let us know of a change in your e-mail address where we should send notices and disclosures electronically to you, you must send an email message to us at jgoodman@securityscorecard.io and in the body of such request you must state: your previous e-mail address, your new e-mail address.  We do not require any other information from you to change your email address..

In addition, you must notify DocuSign, Inc. to arrange for your new email address to be reflected in your DocuSign account by following the process for changing e-mail in the DocuSign system.

**To request paper copies from Julie Goodman**

To request delivery from us of paper copies of the notices and disclosures previously provided by us to you electronically, you must send us an e-mail to jgoodman@securityscorecard.io and in the body of such request you must state your e-mail address, full name, US Postal address, and telephone number. We will bill you for any fees at that time, if any.

**To withdraw your consent with Julie Goodman**

To inform us that you no longer want to receive future notices and disclosures in electronic format you may:

> i. decline to sign a document from within your DocuSign session, and on the subsequent page, select the check-box indicating you wish to withdraw your consent, or you may;
>
> ii. send us an e-mail to jgoodman@securityscorecard.io and in the body of such request you must state your e-mail, full name, US Postal Address, and telephone number. We do not need any other information from you to withdraw consent.. The consequences of your withdrawing consent for online documents will be that transactions may take a longer time to process..


**Required hardware and software**

| Operating Systems: | WindowsÂ® 2000, WindowsÂ® XP, Windows VistaÂ®; Mac OSÂ® X |
| --- | --- |
| Browsers: | Final release versions of Internet ExplorerÂ® 6.0 or above (Windows only); Mozilla Firefox 2.0 or above (Windows and Mac); Safariâ„¢ 3.0 or above (Mac only) |
| PDF Reader: | AcrobatÂ® or similar software may be required to view and print PDF files |
| Screen Resolution: | 800 x 600 minimum |
| Enabled Security Settings: | Allow per session cookies |

** These minimum requirements are subject to change. If these requirements change, you will be asked to re-accept the disclosure. Pre-release (e.g. beta) versions of operating systems and browsers are not supported.

**Acknowledging your access and consent to receive materials electronically**

To confirm to us that you can access this information electronically, which will be similar to other electronic notices and disclosures that we will provide to you, please verify that you were able to read this electronic disclosure and that you also were able to print on paper or electronically save this page for your future reference and access or that you were able to e-mail this disclosure and consent to an address where you will be able to print on paper or save it for your future reference and access. Further, if you consent to receiving notices and disclosures exclusively in electronic format on the terms and conditions described above, please let us know by clicking the â€˜I agreeâ€™ button below.

By checking the â€˜I agreeâ€™ box, I confirm that:

- I can access and read this Electronic CONSENT TO ELECTRONIC RECEIPT OF ELECTRONIC CONSUMER DISCLOSURES document; and

- I can print on paper the disclosure or save or send the disclosure to a place where I can print it, for future reference and access; and

- Until or unless I notify Julie Goodman as described above, I consent to receive from exclusively through electronic means all notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to me by  Julie Goodman during the course of my relationship with you.

**EXHIBIT "3"**

The Wayback Machine - https://web.archive.org/web/20191223103053/https://www.docusign.co...

**DocuSign**®

| FREE TRIAL | CONTACT SALES |

Sales: 1-877-720-2040   Support   Access Documents   **Log In**

How does DocuSign work?

▶ See how DocuSign works

| FREE TRIAL |

⊖ Send       ⊕ Sign       ⊕ Manage



## Easily upload and send documents for electronic signature

STEP 1

# Upload your document

Simply upload a Microsoft Word, PDF, or other common document format from your computer or from popular file- sharing sites like Box, Dropbox, Google Drive, and OneDrive.

STEP 2

# Indicate who needs to sign

Add the names and email addresses of your signers and other recipients, and even specify the order in which they should sign.

STEP 3

# Place fields and send

Drag and drop DocuSign fields to indicate where you need a signature, initial, or date. You can also add standard or custom fields for signers to fill in. Then click Send. DocuSign emails a link to each recipient which they can use to access the document. Once the document is complete, it's stored securely for easy retrieval.

❯ Send             ❯ Sign             ❯ Manage

## Get Started

Need to upload a document to sign?

SIGN NOW, FREE

Want to see all the features in DocuSign?

FREE TRIAL

Ready to get started?
Find the DocuSign plan
that's right for you.

**SEE PLANS & PRICING**

COMPANY

PRICING

RESOURCES

SUPPORT

TRENDING TOPICS

  

© DocuSign Inc. 2019
221 Main St., Suite 1550
San Francisco, CA 94105
Sales: 1-877-720-2040

   

United States ▾

Terms of Use   Privacy Policy   Cookie Settings   Intellectual Property

2/12/25, 11:25 AM                      How does DocuSign Electronic Signatures Work?

Case 3:24-cv-02037-L-AHG      Document 22-2   Filed 03/12/25   PageID.377      Page 20 of 29

The Wayback Machine - https://web.archive.org/web/20191223103053/https://www.docusign.co...

# DocuSign

FREE TRIAL      CONTACT SALES

Sales: 1-877-720-2040   Support   Access Documents   **Log In**



How does DocuSign work?

▶ See how DocuSign works

FREE TRIAL

⊕ Send          ⊖ Sign          ⊕ Manage



## Quickly access and sign documents that require your signature

STEP 1

# Click the link in email

With one click, you can access the document and start the document signing process on virtually any internet-enabled device.

---

STEP 2

## Follow the DocuSign tabs

Tabs and simple instructions guide you through the signing process. Your electronic signatures are secure, legally binding, and widely accepted for most business transactions around the world.

---

STEP 3

## Finish, and you're done

Once you're done signing, click Finish. That's it!

 **Send**           **Sign**           **Manage**

## Get Started

### Need to upload a document to sign?

SIGN NOW, FREE

### Want to see all the features in DocuSign?

FREE TRIAL

# Ready to get started?
# Find the DocuSign plan
# that's right for you.

**SEE PLANS & PRICING**

COMPANY

PRICING

RESOURCES

SUPPORT

TRENDING TOPICS

  

© DocuSign Inc. 2019
221 Main St., Suite 1550
San Francisco, CA 94105
**Sales: 1-877-720-2040**

  

  United States  ▼

Terms of Use   Privacy Policy   Cookie Settings   Intellectual Property

The Wayback Machine - https://web.archive.org/web/20191223103053/https://www.docusign.co...

**DocuSign**

FREE TRIAL    CONTACT SALES

Sales: 1-877-720-2040   Support   Access Documents   **Log In**

How does DocuSign work?

▶ See how DocuSign works

FREE TRIAL

⊕ Send          ⊕ Sign          ⊖ Manage



## Readily check a document's status, send reminders, view audit trails, and securely store online

STEP 1

## Always know your document's status

Just pull up your DocuSign dashboard to check status and schedule, run reports, and see audit trails. You can always see where your document is in the signing process--and even set automatic reminders and receive notifications at every step of the process.

STEP 2

# Documents are saved automatically — and securely

Once completed, both senders and signers have 24/7 anytime, anywhere access to the document. It's stored online and can be downloaded and printed as needed.

STEP 3

# Easy to administer

You can manage internal users, adjust branding, and get visibility into documents across your organization. Advanced options help you adhere to and set compliance policies, as well as access advanced reporting.

 **Send**             **Sign**            ❯ Manage

# Get Started

Need to upload a
document to sign?

SIGN NOW, FREE

Want to see all the
features in DocuSign?

FREE TRIAL

Ready to get started?
Find the DocuSign plan
that's right for you.

**SEE PLANS & PRICING**

COMPANY

PRICING

RESOURCES

SUPPORT

TRENDING TOPICS

  

© DocuSign Inc. 2019
221 Main St., Suite 1550
San Francisco, CA 94105
Sales: 1-877-720-2040

   

🌐 United States ▾

Terms of Use   Privacy Policy   Cookie Settings   Intellectual Property

**EXHIBIT "4"**

2/24/25, 7:00 AM Is Your IP Exposed? Free IP Lookup and Geolocation, ISP and ASN Check

Case 3:24-cv-02037-L-AHG Document 22-2 Filed 03/12/25 PageID.384 Page 27 of 29

IP Address: 68.111.197.224

ASN: [22773](#)

City: San Diego

State/Region: California

Country: United States of America

Postal Code: 92101

ISP: Cox Communications LLC

Time Zone: -08:00

[IP2Location.com](#) Results

IP Address: 68.111.197.224

ASN: [22773](#)

City: Escondido

State/Region: California

Country: United States

Postal Code: 92025

ISP: Cox Communications

Time Zone: -0800

[IPData.co](#) Results

Copy IP2Location Results

1

## CERTIFICATE OF SERVICE

2

### 24-cv-2037-L-AHG

3

4

I am employed in the County of Orange, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is 6A Liberty Street, Suite 200, Aliso Viejo, CA 92656.

5

6

7

On March 12, 2025, I served the following document(s) described as **DECLARATION OF JEFF ALVAREZ IN SUPPORT OF DEFENDANT SECURITYSCORECARD, INC.'S MOTION TO COMPEL ARBITRATION, STAY PROCEEDINGS PENDING THE MOTION, AND STAY PROCEEDINGS PENDING ARBITRATION** on the interested parties in this action as follows:

8

### SEE ATTACHED SERVICE LIST

9

10

11

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

12

13

14

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

15

Executed on March 12, 2025, at Aliso Viejo, California.

16

17

_____
Mai N. Nguyen

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

36067536.1:05394-0160

-1-

Case No. 24-cv-2037-L-AHG

DECLARATION OF JEFF ALVAREZ IN SUPPORT OF DEFENDANT SECURITYSCORECARD, INC.'S MOTION TO COMPEL ARBITRATION, STAY PROCEEDINGS PENDING THE MOTION, AND STAY PROCEEDINGS PENDING ARBITRATION

**CERTIFICATE OF SERVICE**
**Jennifer Crumley v. SecurityScorecard, Inc.**
**Case No. 3:24-cv-02037-L-AHG**

AARON M. OLSEN (259923)
ANNA C. SCHWARTZ (346268)
HAEGGQUIST & ECK, LLP
ALREEN HAEGGQUIST (221858)
225 Broadway, Suite 2050
San Diego, CA 92101
Tel: (619) 342-8000 / Fax: (619) 342-7878
Email: aarono@haelaw.com
annas@haelaw.com
jillk@haelaw.com

Attorneys for Plaintiff Jennifer Crumley

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

DECLARATION OF JEFF ALVAREZ IN SUPPORT OF DEFENDANT SECURITYSCORECARD, INC.'S MOTION TO
COMPEL ARBITRATION, STAY PROCEEDINGS PENDING THE MOTION, AND STAY PROCEEDINGS PENDING
ARBITRATION